## JOICE and WIFE, *et al. vs.* ELIJAH TAYLOR.
### *December,* 1833.

When a mortgage is obtained by the misrepresentation of the mortgagee, it is void; and it is immaterial as to its legal effect upon the instrument, whether the mortgagee at the time he made the misrepresentation knew it to be false. If he made a statement of facts, knowing it to be false, it would clearly be a legal fraud; but although he did not know that it was false, yet, if he undertook to state it to be true, without a knowledge of its truth or falsehood, and it operated as a deception to the other party to whom it was made, and thereby induced the mortgage, it would avoid it. The gist of the inquiry is, not whether the party making the statement knew it to be false, but whether the statement made as true, was believed to be true, and therefore, if false, deceived the party to whom it was made.

An allegation in a complainant's bill, though not denied, if material to the case, must be proved at the hearing.

APPEAL from the court of Chancery.

The present bill was filed on the equity side of *Balti-more* county court, by the appellants, *Joice* and wife, and *Stephen Severson* and *Sarah* his wife, formerly *Sarah Joice,* on the 29th of September, 1830, and afterwards removed to the court of Chancery. The complainants alleged, that in the year 1827, *Joice* and wife conveyed a tract of land, which the wife had inherited from one *Raven,* to *Sarah Joice,* before her intermarriage with *Severson,* with the

design that the said *Sarah* should hold the property so conveyed in trust, for the separate use and benefit of *Mrs. Joice* her mother, who was also entitled to a portion of the personal estate of the said *Raven.* That *Taylor* the appellee, was one of the executors of said *Raven*, at the sale of whose personal estate the said *Joice* and wife purchased a number of articles. That upon the representations of *Taylor*, that a mortgage of the property so conveyed in trust for *Mrs. Joice* to secure the payment of the articles purchased at *Raven's* sale, was necessary to enable him to settle his account with the Orphans court, she agreed that one might be executed by the trustee, *Sarah*, which was accordingly done on the 31st of October, 1827; the said *Taylor* then assuring her, that as soon as he completed the settlement of *Raven's* estate, he would pay her, her proportion thereof, and surrender the mortgage. That *Taylor* has been guilty of abuses and frauds as the executor of *Raven*, and holds money in his hands belonging to said estate, more than sufficient to pay the mortgage debt, notwithstanding which, he has caused the mortgaged property to be advertised for sale, under a decree of foreclosure obtained without making *Mrs. Joice*, the *cestui que trust*, a party to the suit. The prayer of the bill was for an injunction to prevent the sale, that the decree of foreclosure might be annulled, the mortgage declared null and void, and for general relief.

The answer alleged that the deed from *Joice* and wife to *Sarah* was absolute upon its face, and the defendant denied all knowledge that it was designed to create a trust for the benefit of *Mrs. Joice.* That it purports to be for natural love and affection and of the sum of five dollars, and is in effect a deed of gift to the said *Sarah*, who is the daughter of the grantors, as appears by the recitals of the deed which is exhibited with the answer. That *Joice* and wife having purchased various articles at the sale of *Raven's* estate, (upon which letters testamentary had been granted the

defendant) amounting to $423 22, and *Joice* being subse-
quently desirous of borrowing a further sum of money
from him, he the defendant consented to lend him, and did.
lend him the same, upon the condition that he should re-
ceive a mortgage of the property conveyed as aforesaid to
*Sarah*, to secure the whole amount so due the defendant.
That accordingly in October, 1827, *Joice* and this defendant
came to a settlement of their accounts, when the balance
due him from *Joice*, including his purchases at *Raven's*
sale, and subsequent advances of money, was found to
amount to $650, for which sum *Sarah Joice* gave her note,
and at the same time made and delivered to this defendant
the before mentioned mortgage, to secure the payment
thereof. The answer admitted that *Mrs. Joice* was enti-
tled to a portion of *Raven's* personal estate, but denied that
the defendant agreed that her proportion thereof should be
set off or discounted from the amount purchased as aforesaid
by *Joice* and wife at the sale. That the defendant having
in his settlements with the Orphans court charged himself
with the amount of these purchases, and having as aforesaid
procured the mortgage for his security, did promise *Joice*
and wife, that if upon the final settlement of *Raven's* estate
any thing should be due her, it should be set off against the
mortgage debt, and if sufficient to cover the whole claim,
the mortgage should be surrendered. That the whole of
*Raven's* personal estate however, has been exhausted in the
payment of debts, and the mortgage remaining wholly un-
satisfied, he filed a bill, and obtained a decree of foreclosure
and order to sell, against the mortgagor alone, upon the
ground that she only is interested.

A commission issued, and a great many depositions were
taken and returned, which, as it would not be possible to
condense them within reasonable limits, the reporters think
it advisable altogether to omit.

*Bland*, Chancellor, at July term, 1832, dismissed the bill
with costs, when the complainants brought the record by
appeal to this court.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Learned* and *Johnson*, for the appellants, cited 16 *Ves.* 115. 4 *Bro. P. C.* 198. 2. *Sch. and Lef.* 474. 2 *Swan.* 73. 1 *Sch. and Lef.* 209. 1 *Bro. P. C.* 308. 2 *Ch. Dig.* 1341. 1 *Stark. Ev.* 121. 19 *Ves.* 433. 2 *Stark. Ev.* 757.

*T. P. Scott,* for the appellee, referred to 4 *Gill and Johns.* 427, 443. 6 *Harr. and Johns.* 28-9, 445. 3 *Gill and John.* 38. 4 *Ib.* 460.

MARTIN, J. delivered the opinion of the court.

The bill in this case was originally filed in *Baltimore* county court on the 29th of September, 1830. Injunction was granted by that court, and the answer of the respondent and several exhibits filed by him, and a motion made to dissolve the injunction *nisi*, when the cause on the suggestion and affidavit of *Elisha Joice*, one of the complainants, was removed to the court of Chancery. At December term, 1830, the injunction was dissolved by the Chancellor, and at July term, 1831, a commission was issued to take testimony.

The bill states among other things, that a mortgage had been executed by *Sarah Joice*, now *Sarah Severson*, to *Elisha Taylor* for certain lands therein mentioned, and that upon the application of the mortgagee, a decree had been obtained in *Baltimore* county court to foreclose the mortgage and sell the land, to pay the sum it was intended to secure. That the mortgagor had no equitable right to make the mortgage. That the lands were held by her in trust for her mother, and that the mortgage was obtained from her by fraud, and the misrepresentations of the mortgagee, in whom great confidence was placed, and by whom they were greatly deceived and misled, &c.

If the allegation in this bill, that the mortgage was obtained by the misrepresentation of the respondent, is established by proof, it would render the deed void; and it is immaterial *as to its legal effect upon the instrument,* whether the respondent at the time he made the representation knew it to be false. If he made a statement of facts, knowing it to be false, it would clearly be a legal fraud; but although he did not know that it was false, yet if he undertook to state it to be true, without a knowledge of its truth or falsehood, and it operated as a deception to the other party to whom it was made, and thereby induced the mortgage, it would avoid it. The *gist* of the inquiry is, not whether the party making the statement *knew* it to be false, but whether the statement made as true was believed to be true, and therefore, if false, deceived the party to whom it was made.

In the examination of this case the attention of the court is necessarily called to the answer of the respondent, and the caution adopted by him in answering, or rather avoiding to answer the allegation of his misrepresentations, is too obvious to be passed in silence. The allegation is in substance, that *Elizabeth* the mother was entitled to all the real estate, and one-third the personal estate of *Isaac Raven* deceased. That her husband, *Elisha Joice,* had purchased articles at the sale of *Raven's* estate, from *Taylor* the executor. That *Taylor* in order to obtain a mortgage on the lands of the wife, to secure the payment of the debt due from the husband, represented that the mortgage was only intended to enable him to settle up *Raven's* estate with the Orphans court, and that as soon as that settlement was made, he would pay over to *Elizabeth Joice* the portion due to her, by which the mortgage might be redeemed. The respondent answers fully all the minor allegations in the bill, and what does he say to the important charge of misrepresentation? He admits, "at the time of the execution and delivery of the mortgage, he did promise and assure the said *Joice* and wife, and *Sarah Severson,* that if

upon the final settlement of the personal estate of *Isaac Raven* deceased, there would be any thing due unto *Elizabeth Joice*, that then he would set off the amount that might be so due against the said prommissory note, and give up the said mortgage in case the said note was paid." *There he stops.* He does not deny that he stated to them, the mortgage was necessary for him to settle with the Orphans court, and that upon that settlement, *Elizabeth Joice's* portion should be paid, with which she might redeem the mortgage; and yet that representation is the ground relied on by the complainants for relief. He therefore evades a direct answer to the allegation, and only states facts which may be true, although he may also have made the representations attributed to him. This allegation however, although not particularly denied by the respondent, must be proved by the complainants to sustain their cause.

The court has carefully examined the testimony contained in this record, and without the aid of *Sarah Severson's* evidence, (the objection to which was not considered, because there was sufficient evidence from other witnesses,) is compelled to the conclusion, that there has not been fair dealing on the part of *Taylor* in this transaction. The consideration of this mortgage, appears from the statement or account delivered by *Taylor* to *Israel* as directory to him in preparing the mortgage. By that account it appears the principal item of the consideration was the sum of $423 22¼, due from *Elisha Joice* to *Taylor*, for articles purchased at the vendue. That *Taylor*, at or about the time the mortgage was executed, represented to *Mrs. Joice* that she would be entitled to receive from the estate of *Raven*, a larger sum than the consideration mentioned in the mortgage, is clearly proved both by *W. W. Waite* and *Francina A. Joice*. *Waite* deposes to the further fact, that *Taylor* stated the mortgage was a mere matter of form, there being more money due from the estate of *Raven* than would pay it, but that it was necessary to have the mortgage to settle

the estate with the Orphans court.   *Mrs. Joice* had unlimited confidence in *Taylor*, and no doubt believed the statement thus made by him, and under that belief, that the mortgage was a mere matter of form to enable *Taylor* to settle his account with the Orphans court, and would immediately be discharged by the money to be paid to her, she was induced to agree to its execution.   It cannot be credited from the facts disclosed in this record, that *Mrs. Joice* would have consented that *her land should be sold* to pay the debt due from her husband to *Taylor*.   Her husband was embarrassed, and she was desirous to protect this real property from his creditors, and to reserve it for her own separate use.

The court is of opinion that this mortgage was obtained by the false representation of *Taylor*, and is fraudulent and void.

DECREE REVERSED WITH COSTS, THE INJUNCTION MADE PERPETUAL, AND THE MORTGAGE DECLARED TO BE NULL AND VOID.