\*JESSE TYSON, James W. Tyson, and Others *v.*     **305**
RICHARD S. HARDESTY.

*Decided June 26th, 1868.*

SALES OF LAND ; IN GROSS ; "MORE OR LESS."

Where in a contract for the sale of land for a gross sum, the qualifying words "more or less" or equivalent expressions, have been used, they import that quantity did not enter into the essence of the contract, and in the absence of fraud neither party can claim relief either for a deficiency or a surplus. (*a*)                    p. 309

Where a contract has been reduced to writing and signed by the parties, its terms must have a controlling influence not only in determining their rights, but also in weighing conflicting evidence, as to the preliminary negotiations between them. (*b*)                    p. 309

Appeal from the Superior Court of Baltimore City, sitting in Equity.

The cause was argued before Bartol, C. J., Stewart, Brent, Miller and Robinson, JJ.

*John S. Tyson,* for the appellants :

An allowance for a deficiency is made according to the difference between the *represented* and the *actual* quantity. By what rule can the practical meaning of *"about,"* and *"vary a little,"* be determined ? The words ' more or less,' *or other equivalent words,* should be construed to qualify the representation of quantity in such a manner that, if made in good faith, neither party will be entitled to relief." *Hall v. Mayhew,* 15 Md. 559, and cases cited. Are not "about" and "vary a little" *"equivalent words?"* If "more or less" will comprehend

---

(*a*) See note (*b*) to *Moncreiff v. Goldsborough,* 4 H. & McH. 178; *Marbury v. Stonestreet,* 1 Md. 147, note (*a*); *Jones v. Plater,* 2 Gill. 93, note (*b*). See also *Slothower v. Gordon,* 23 Md. 1, and *Jenkins v. Bolgiano,* 53 Md. 420.

(*b*) See *West Boundary Real Estate Co. v. Bayless,* 80 Md. 495. But as to proof of collateral independent facts, see *Fusting v. Sullivan,* 41 Md. 162; *Bladen v. Wells,* 30 Md. 577, note.

a difference of nearly *one-third,* (*Slothower v. Gordon,* 23 Md. 1,) or even *two-fifths,* (15 Md. 561,) will not "about," and "vary a little" be consistent with a difference of *one-ninth?* The general rule, applicable to all these qualifying expressions is, that no relief will be granted, unless the case be one of such *extreme* deficiency "as would naturally raise the presumption of fraud, imposition, or mistake, *in the very essence of the con-* **306** *tract."* *For courts are not required to determine the precise meaning of that which has no precise meaning, and unless the deficiency be so great as to show fraud in the essence of the contract, vague, and inconclusive representations constitute no ground for relief. Story's Eq. Jur. sec. 191.

*Parol* evidence is inadmissible to contradict, add to, or vary the terms of a written instrument; and although a Court of Chancery will, upon proof of fraud, surprise, or mistake, raise an equity, by which the agreement will be rectified according to the intent of the parties, it will not interfere where the instrument itself is such as the parties themselves designed it to be. For if they voluntarily choose to express themselves in the language of the instrument, they must be bound by it. *Mc-Elderry v. Shipley,* 2 Md. 35 ; *Wesley v. Thomas,* 6 H. & J. 26 ; *Watkins v Stockett,* 6 H. & J. 444. Now the meaning of the written contract in this cause is, that the purchaser takes the farm regardless of quantity. "The words more or less, qualify the representation of quantity in such a manner that if made in good faith, neither party will be entitled to relief on account of a deficiency or of a surplus." *Jones v. Plater,* 2 Gill, 128 ; *Stebbins v. Eddy,* 4 Mason, 419 ; *Hall v. Mayhew,* 15 Md. 560.

"The vendee must be understood as assuming upon himself the risk as to quantity." *Hurtt v. Stull,* 3 Md. Ch. 26. "Quantity does not enter into the essence of the contract." *Hall v. Mayhew,* 15 Md. 568. True it is, that where the written contract does not contain the words " more or less," or equivalent words, and a misrepresentation has been made as to quantity, though innocently, the purchaser will be allowed for the deficiency. *Marbury v. Stonestreet,* 1 Md. 152 ; *Kent v. Carcaud,* 17 Md. 299 ; Story's Eq. Jur. secs. 144, 144 *a.*

In this case the vendee alleges neither wilful, nor fraudulent misrepresentation, surprise nor mistake, yet he asks the

court to alter the terms of the written contract, by releasing him from his agreement to take upon himself the risk as to *quantity, and by making quantity of the essence of **307** the contract. This the court will not do. *Kent v. Carcaud,* 17 Md. 299, is directly applicable to this point.

*George H. Williams,* for the appellee:

The court below decreed the appellee to be entitled to an equitable abatement. In support of the decree, it is insisted, that as the purchase was made on the faith of representations made by the vendor, supported by the figures and calculations made upon the plat by him, in the presence of the vendee, as to the quantity of the land, and the quantity falling so much short of the representation, it was a clear case for an equitable abatement of the purchase money—and the insertion of the words " more or less " into the written contract, cannot be permitted to release the vendor from the effect of the misrepresentation. *Kent v. Carcaud,* 17 Md. 297; *Marbury v. Stonestreet,* 1 Md. 152; *Joice v. Taylor,* 6 G. & J. 54; *Smith v. Richards,* 13 Pet. 36, 42; *Mason v. Crosby,* 1· Woodbury & Minot, 353; *Warner v. Daniels,* 1 *Ib.* 90.

Bartol, C. J., delivered the opinion of the court.

The controversy in this case grows out of a claim made by the appellee, for an abatement in the price of a farm purchased by him from Jesse Tyson and James W. Tyson, executors and devisees in trust, under the will of Isaac Tyson, Jr.; on account of an alleged deficiency in the quantity of land. The sale was made by James W. Tyson, and was evidenced by a contract in writing, dated on the 15th day of September, 1864, and signed by him and the appellee. It is in its terms an agreement *"to sell the Wilna Farm, Harford County, Md., to Richard S. Hardesty, for the sum of eleven thousand dollars, 171 acres more or less."*

It was afterwards ascertained by an actual survey made in April or May, 1866, by Mr. Dawson, an accurate surveyor, *that the land contained 147 acres 17 perches. Mr. **308** Dawson, the surveyor, was employed by the appellee, the vendors refusing to take part in the survey or to be bound by it.

There is a slight difference between the quantity as ascertained by Mr. Dawson, and that which had been ascertained by Mr. Mahool, another surveyor, who had measured the land and made a plat of it in the spring of 1864. According to Mahool's survey there were 150 acres 2 roods and 46 perches.

The Superior Court, by its decree, appears to have allowed an abatement in the purchase money, upon the basis of Mr. Dawson's survey, which the appellants have argued was error, even if the appellee be entitled to an abatement; because Dawson's survey was not binding upon the apppellants, and is contradicted by that of Mahool. We shall not stop to discuss the question as to the precise quantity of land actually contained in the farm. Assuming that according to the proof, there were from twenty to twenty-three acres less than the quantity mentioned in the contract, we shall proceed to consider whether, upon the facts and circumstances of the case as disclosed by the record, the appellee is entitled to any abatement for such deficiency.

We agree with the judge of the Superior Court, in overruling the appellants' exceptions to the parol testimony offered by the appellee, for the reasons stated in his opinion; and upon the authority of *Joice v. Taylor,* 6 G. & J. 54; *Kent v. Carcaud,* 17 Md. 297; *Mason v. Crosby,* 1 Woodbury & Minot, 342, 353, 354. And in disposing of the question before us, shall consider that testimony as properly in the record.

There is great and irreconcilable conflict in the testimony of the witnesses, with regard to the acts and declarations of the parties at the time of the sale. On the side of the appellee, the proof is that the purchase was made relying upon the positive representation that the farm contained 171 acres, and on the part of the appellants the evidence is just as positive that " the property was sold regardless of the quantity of **309** *land, that the purchaser, or his son who was present, seemed to know the property as well or better than the vendor, and the exact quantity of land was not made a point of in the negotiation."

If the decision of the case depended entirely upon that testimony, we should feel very great embarrassment in arriving at a conclusion; because the witnesses are alike unimpeachable, and testify under circumstances that entitle their statements

to equal confidence and respect.     But there are certain well settled rules which govern Courts of Equity, in dealing with cases of this kind, that seem to us to lie at the foundation of this case, and to control its decision.     Here the contract of sale was reduced to writing and signed by the parties, and its terms must have a controlling influence not only in determining their rights, but also in weighing the conflicting evidence, as to the preliminary negotiations between them.     In *Stebbins v. Eddy,* 4 Mason, 419, Judge Story said: " It seems to me there is much good sense in holding that the words ' more or less," or other equivalent words, used in contracts or conveyances of this sort, should be construed to qualify the representation of quantity, in such a manner, that if made in good faith, neither party should be entitled to any relief on account of deficiency or surplus."

This rule has been sanctioned and adopted by the Court of Appeals of Maryland.  See *Jones v. Plater,* 2 Gill, 128; *Hall v. Mayhew,* 15 Md. 551; *Slothower v. Gordon,* 23 Md. 1.   See also the able opinion of Chancellor Johnson, in *Hurtt v. Stull,* 3 Md. Ch. 24, affirmed in 9 Gill, 446; *Smallwood v. Hatton,* 4 Md. Ch. 95.  The principle deduced from these cases is, that when, by the contract, the qualifying words "more or less," or equivalent expressions, have been used, they import that quantity did not enter into the essence of the contract of sale, and, in the absence of fraud, neither party can claim relief either for a deficiency or a surplus.   Applying this rule to the case before us, we are of opinion that the appellee has failed to establish sufficient *ground to entitle him to an abate- **310** ment in the price stipulated by the contract.   The evidence furnishes no ground whatever for the imputation of any fraudulent or wilful misrepresentation on the part of the vendor; the proof shows that he was ignorant of the exact quantity of land contained in the farm.   The plat which had been made by Mahool had never been seen by him before the sale.   So he testifies, and his evidence in this respect is uncontradicted. With regard to the representations or statements which were actually made by him, as to the number of acres contained in the farm, there is a great conflict in the evidence; but, considering the fact that he was not exactly informed on that subject, and that the plat in his property-book, to which he re-

ferred, did not furnish such *data* as would enable him to make an accurate calculation of the quantity in the parcel he was selling, and ascribing to him, as we are bound to do from all the evidence, perfect good faith in the transaction, this court is not satisfied by the proof that such positive representations as to quantity were made to and relied on by the appellee, as to render it fraudulent to insist upon the performance of the contract according to its terms.

For these reasons, the decree of the Superior Court must be reversed and the cause remanded.

*Decree reversed and cause remanded.*