## JACOB COHEN ET. AL. *vs.* ELIZABETH M. NUMSEN ET. AL.

*Reformation of Contract to Sell Land — Evidence —Qualifying Words "More or Less" Relating to Quantity of Land Sold.*

Plaintiffs agreed to buy, and defendants to sell, a suburban lot of ground described in the written contract signed by the parties as situated at the corner of two named avenues, fronting 297 feet more or less on one avenue, and fronting 647 feet more or less on the other avenue. A subsequent survey showed that the lot fronted 262 feet on the one avenue and 632 on the other. Plaintiffs filed a bill alleging that at the time of making the contract, the defendant's agent represented that the words "more or less" had reference only to inches and asked that the contract be reformed by striking out from it, the words "more or less" and that the contract so reformed be specifically enforced. *Held*, that the evidence fails to establish the allegation of the bill and that the plaintiffs are not entitled to have these qualifying words striken from the contract.

The contract for the sale of a parcel of ground for the lump sum of $9,500 described it generally as situated at the intersection of two suburban avenues fronting 297 feet more or less on the one, and 647 more or less on the other. Actual measurement subsequently showed that the

lot contained about 35 feet less on the former and 15 feet less on the latter. The purchaser's bill for specific performance asked for an abatement of the purchase price to the extent of the shortage. No misrepresentations were made by the seller, who was in fact ignorant of the exact number of front feet in the lot. *Held*, that the words "more or less" qualified the statement as to the number of front feet and the purchaser is not entitled to an abatement on account of the deficiency.

*Decided December 21st, 1906.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*John Prentiss Poe* and *Jacob J. H. Mitnick*, for the appellants.

*Edward N. Rich*, (with whom was *Charles S. Rich* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed in the Circuit Court of Baltimore County on the 26th day of August, 1905, by the appellants against the appellees for the specific performance of an agreement in writing for the sale of a fee-simple lot of ground situate upon the northwest corner of Park Heights and Belvedere avenues and fronting 297 feet more or less on Park Heights avenue, and fronting 647 feet more or less upon the northwest side of Belvedere avenue in Baltimore County at and for the sum of $9,500, and with an abatement of the purchase price, for an admitted shortage in the number of feet.

The bill charges that by a survey, subsequently made, the lot was found to contain by actual measurement only 262 feet 4 inches, on Park Heights avenue, and 632 feet on Belvedere avenue, a shortage of about thirty-five feet on Park Heights avenue and about fifteen feet on Belvedere avenue.

It is also alleged, that the defendants refuse to allow any

abatement from the purchase price, the difference in value of the lot being on or about the sum of $2,500 or $3,000.

Subsequently, on the 23rd day of November, 1905, the appellants obtained leave to file an amended bill, wherein it is prayed that the contract may be reformed by striking therefrom the words "more or less" and the price agreed to be paid for the lot may be so abated and reduced, and the plaintiffs be required to pay for only so much of the lot purchased, as the appellees can convey under the contract, at the rate stipulated and the contract as so reformed, be decreed specifically to be performed.

The ground of the relief, upon which it is sought to strike out the words "more or less" in the contract is an alleged representation, by the defendant, George N. Nunsen, agent, at the time they were inserted, that they meant inches and did not mean feet.

The appellants further contend, and they so allege in their bill, that it was understood between the appellants and the appellee, Nunsen, that the property was purchased for the purpose of being divided into lots of fifty feet front each on Park Heights avenue, and ten lots of fifty feet front each on Belvedere avenue, and owing to the fact of the shortage in the quantity of the ground the desired number of lots cannot be obtained.

The defendants answered both bills admitting the execution of the agreement, but denying their material allegations and asserting that when the words "more or less" were inserted, it was distinctly agreed and understood between the parties that the number of front feet could only be approximated, without a survey or actual measurement; that the words "more or less" were inserted on the demand of Numsen and with the consent of both plaintiffs, and they were willing to purchase the lot without definitely ascertaining the number of front feet in the same.

The defendants, also by their answers, positively deny that the property was sold upon the assurance and representation that it was to be divided into the number of lots, alleged in

the bill of complaint, but that the appellants were willing to purchase it and to take all the risk as to the number of front feet.

The general replication was filed to the answers, and a large mass of testimony taken on both sides.

The testimony is very conflicting and a large portion of it is absolutely irreconcilable as to the acts and declarations of the parties prior and at the time the contract of sale was signed. There is no allegation of any fraudulent or deceitful representation upon the part of Mr. Numsen, the agent, and he testifies that he did not know the exact number of feet in the lot.

The principle is well settled that a Court of equity will in a proper case and upon clear and satisfactory proof, reform a written instrument and so amend it as to make it conform to the real intention of the parties. *O'Keefe* v. *Irvington*, 87 Md. 200; *Broumel* v. *White*, 87 Md. 527; *Ranstead* v. *Allen*, 85 Md. 482. In *Stiles* v. *Willis*, 66 Md. 552, it is said: "But in such cases, it is not enough to show the intention of one of the parties to the instrument only; the proof must establish incontrovertibly that the error or mistake alleged was common to both parties. * * * The Court will never, by assuming to rectify an instrument, add to it a term or provision which had not been agreed upon, though it may afterwards appear very expedient or proper that it should have been incorporated. And LORD ELDON, in *Beaumont* v. *Bramley*, 1 Turn. & Russ. 41, said, in deciding cases of this nature, weight must be given to what is reasonably and properly sworn to on the part of the defendant because it must be a very strong case that would, even in a recent transaction, operate to overturn or vary a solemn instrument."

JUDGE STORY in his work on *Equity Jurisprudence*, sec. 151, says: "The general ground that mistake or ignorance of facts in parties is a proper subject of relief only when it constitutes a material ingredient in the contract of the parties and disappoints their intention by a mutual error or where it is inconsistent with good faith. But where each party is equally in-

nocent, and there is no concealment of facts which the other party has a right to know, and no surprise or imposition exists, the mistake or ignorance, whether mutual or unilateral, is treated as laying no foundation for equitable interference. It is strictly *damnum absque injuria.*"

In this case there is no evidence whatever upon which a charge of fraud or bad faith in the transaction can rest, and the appellants have failed to make out a case that would justify a Court of equity in granting the relief by striking from the contract the words "more or less."

The proof on the part of the appellants is positive that the appellee, as agent, declined to sign the original contract, prepared for the sale of the property, because he did not know the exact dimensions of the lot. The contract now filed in the case, with the words "more or less" inserted therein, was prepared and signed by all the parties. The contract was prepared by Mr. Steffey, on behalf of the plaintiffs, it was read and fully explained to all the parties.

The alleged representation, that the words "more or less" meant inches and did not mean feet, is contradicted by the positive testimony of the defendant, who stated that he made no such statement. And to reform the contract in this case, according to the contention of the appellants, would be to strike from it a term and provision that had been agreed upon by the parties and which the defendant refused positively to enter into, unless inserted therein.

There can be no difficulty as to the principle of law applicable to the second branch of the case relating to an abatement of the purchase price.

The language of the contract is plain and certain and it distinctly provides that the party of the first part does hereby bargain and sell unto the parties of the second part the following described property situate and lying in Baltimore County, viz.: A fee-simple lot of ground situate and being upon the northwest corner of Park Heights avenue and Belvedere avenue, fronting 297 feet, more or less, on Park Heights avenue, and fronting 647 feet, more or less, upon the northwest side

of Belvedere avenue, at and for the price of nine thousand five hundred dollars, of which five hundred dollars had been paid prior to the signing thereof.

Here we have the specified number of feet with the qualification of "more or less," to show that a certain and definite quantity did not enter into the contract of sale.

In *Jenkins* v. *Bolgiano*, 53 Md. 407, it is said. In Maryland the law is well settled that where quantity does not enter into the essence of the contract in the absence of fraud or misrepresentation the purchaser is not entitled to abatement. In that case the qualifying words "more or less" were used.

CHANCELLOR KENT, 4 Kent 467, thus lays down the rule. Whenever it appears by definite boundaries or by words of qualification as more or less or as containing by estimation or the like, that the statement of the quantity of acres in the deed, is mere matter of description or not of the essence of the contract, the buyer takes the risk of the quantity, if there be no intermixture of fraud in the case. This rule has been followed by this Court in a number of cases. *Hall* v. *Mayhew*, 15 Md. 568; *Slothower* v. *Gordon*, 23 Md. 1; *Tyson* v. *Hardesty*, 29 Md. 305. The cases of *Marbury* v. *Stonestreet*, 1 Md. 152, and *Kent* v. *Carcaud*, 17 Md. 298, cited and relied upon by the appellants, are entirely unlike this and rest upon a dissimilar state of facts.

The property here was sold by Mr. Numsen, as agent for the appellees for a definite price, the sum of $9,500, and the effect of an abatement in the price, would be, that the vendees would receive only $7,000 for the lot, instead of the amount they had agreed to take for it. And this, in the face of the testimony on the part of the appellants, and the statement in their brief, that while insisting on their right to an abatement, they are ready and willing to take the lot, even if the Court should decree that they are not entitled to an abatement.

There is no fraud alleged or proven in the case, and having carefully examined the testimony we are of the opinion that the appellants have failed to establish by clear and satisfactory proof that they are entitled to the relief prayed by the bill.

We have considered all the questions raised by the record necessary to a decision of the case, and finding no error in the decree appealed against, it will be affirmed.

*Decree affirmed, with costs.*