## PURNELL T. WHITE ET AL., EXECUTORS, *v.* ARTHUR. M. NORTHUP ET AL.

*Sale of Growing Timber—Covenant as to Acreage—Deficiency in Quantity—Evidence.*

In case of a sale of timber on the vendor's tract of swamp land, a statement in the contract of sale that said tract "contains two hundred acres, or not less than one hundred and ninety acres," constituted a covenant on the minimum stated.

pp. 20, 21.

In an action by the purchaser in such case to recover by reason of a deficiency in quantity, it was error to refuse defendant's prayer that such statement as to quantity was descriptive of the land in the tract, and was not a covenant or guaranty that the said tract contained not less than one hundred and ninety acres of land covered by timber.                    p. 21

Testimony by a real estate agent as to the identity of the outlines of certain timber land as cut by the purchaser, and the outlines pointed out to the witness by the vendor, and by the witness to the purchaser, at the time of sale, was not a conclusion from the facts rather than testimony to facts.  p. 22

Testimony that a plat was made by a surveyor from statements of others is not sufficient to justify the admission of the plat, such statement being hearsay.                    p. 22

A plat, to be admissible, must be made, in effect, part of the testimony of a witness who had knowledge.                    p. 23

Testimony that the lines by which growing timber was sold by the owner were the same as the lines on which the timber was cut by the purchaser *held* not sufficient to make admissible a plat to show the lines of the timber as sold, without any direct testimony that the lines on which the timber was cut were the same as those on the plat.                    p. 23

On an issue as to the identity of a "swamp piece of land" and "swamp or tract of swamp land" binding on a certain road, the timber on which land was sold, evidence as to the location and size of a tract named "Great Swamp," and another

tract referred to as "Tract No. 10," both owned by the vendor of the timber, and as to his ownership of land on both sides of said road, was admissible in so far as any part of the land referred to might be identified as part of the "swamp piece of land" or "swamp or tract of swamp land." p. 23

Where there was no attack on the validity and binding effect of a written contract for the sale of timber, and no ambiguity in expressions to be resolved against the writer, an offer of evidence as to the circumstances under which the contract was prepared was properly excluded as being merely of parol evidence to affect the writing. pp. 23, 24

Testimony by a surveyor's assistant that a certain person had pointed out the lines of a portion of a tract of timber sold, and that others had pointed out the remainder, was, so far as it went, properly admitted as an introduction to the offer of a plat of the tract made by the surveyor, although not sufficient as foundation for the introduction of the plat. p. 24

*Decided January 29th, 1926.*

Appeal from the Circuit Court for Wicomico County (BAILEY and DUER, JJ.).

Action by Arthur M. Northup and David J. Ward, partners trading as John Bowden and Company, against Purnell T. White and Thomas W. H. White, executors of Thomas W. H. White, deceased. From a judgment for plaintiffs, defendants appeal. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*F. Leonard Wailes* and *Stanley G. Robins,* with whom were *Ellegood, Freeny & Wailes* on the brief, for the appellants.

*Levin C. Bailey,* with whom were *Miles, Bailey & Miles* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

Thomas W. H. White, since deceased, referred to in the testimony as Captain White, sold to John Bowden and Company standing timber owned by him in Wicomico County, and upon receipt of the first payment on account of the purchase price, signed and delivered to the buyers a paper evidencing the transaction, which, in that part involved in this controversy, reads:

> "Received of John Bowden & Company the sum of one thousand dollars ($1,000.00), same being a part payment for all the timber on my swamp piece of land binding on the Chatham Road, except a strip of woods thirty-five yards wide extending from said Chatham Road and bordering on the cleared lands on the Southwest of said swamp the length of said cleared lands; said swamp or tract of swamp land contains Two Hundred (200) acres, or not less than one hundred and ninety (190) acres. Balance of the Ten Thousand Dollars ($10,000.00) which is the purchase price for the timber on said swamp lands, to be secured by note signed by John Bowden & Company, said note with interest until paid, to mature on October 25, 1920, with the distinct understanding that nothing be cut off of these swamp lands by either party to this agreement, unless the note has been paid in full and a clear title given by me to said timber."

Bowden and Company later paid the remainder of the purchase price, and completed the cutting of the timber. They have now sued for a return to them of a portion of the money so paid because of a deficiency in the acreage of the timber, contending that the seller undertook to sell them standing timber of not less than 190 acres, and that as soon as the timber could be surveyed it was found to contain only 131½ acres. A verdict was rendered in their favor for $3489, and this is the defendants' appeal from the judgment entered on that verdict.

There is, first, a question of the construction of the agreement as expressed by the parties. The appellants contend

that the clause on the acreage does not amount to a covenant that the area of land holding the timber sold shall be not less than 190 acres, but is only part of a description or designation of the land referred to. The trial court construed the agreement to amount to a covenant and we agree in that construction. In our opinion the statement in the agreement that "said swamp or tract of swamp land contains two hundred (200) acres, or not less than one hundred and ninety (190) acres," amounts to a covenant on the minimum stated. The appellants refer to the principle that statements of quantity of land sold in deeds of conveyance imply no covenant that the land contains the quantity stated, unless it is clearly so expressed. But it has never been held, and we believe could not be held, that a statement in an agreement that a tract contains not less than a given number of acres, could be construed as anything but a covenant on that minimum. The only conceivable purpose in the fixing of the minimum would be to make it a covenant between the parties. See *Cohen v. Numsen,* 104 Md. 676, 681; *Mendenhall v. Steckel,* 47 Md. 453; *Marbury v. Stonestreet,* 1 Md. 147.

The rulings which applied that construction were those on a demurrer to the eighth count of the declaration, and those on the two prayers of the plaintiffs and on three of the defendants'. We find no error in these rulings, for the reasons stated. The defendants' second prayer is construed by the majority of the court, as a prayer drawing the distinction between one hundred and ninety acres of swamp land with whatever timber stood upon it and one hundred and ninety acres of timber, and considering this to be according to the proper construction of the contract of sale, it is held to be a correct instruction. The ruling on that prayer is, therefore, disapproved.

Exceptions were taken to the admission of plaintiffs' evidence to identify and outline the area from which the timber was sold, and to establish the actual acreage. The substance of that evidence is this: Captain White asked a real estate agent, Downing, to sell the timber for him, and with his

son, Thomas W. H. White, Jr., pointed the tract out to Downing. Captain White, himself, showed only the front lines, not going back into the woods, but the son went with Downing to all the corners and showed him in the distance trees supposed to be line trees at that time. Downing, in selling, showed Ward, of John Bowden and Company, the turns and corners, and told him the acreage, but he could not follow the lines through the woods with him because of the wet condition of the ground. When, after much of the cutting had been done, Ward raised a question of the actual acreage, he engaged Peter Shockley to make a survey. Shockley, as he himself testified, had an assistant, Converse, run the lines of the timber from information given by others, and, Converse being out of the state as the trial approached, Shockley resurveyed the land a few days before trial, using Converse's notes and plat. Downing, the real estate agent, testified that he had seen the lines as run by Mr. Shockley, and that those he saw cut on the land were exactly the same as those Mr. Tom White had shown him, and which he, in turn, had shown Ward, the purchaser. It is first objected that this testimony of Downing's was inadmissible because his statement of the identity of outlines was a conclusion from facts rather than testimony to facts. We do not agree with that argument. We think it a direct statement of fact. Then, after the testimony of both Downing and Shockley just recounted, the plaintiffs offered the plat as the basis for calculating the acreage, and to its admission an exception was taken on the ground, as stated in the argument, that it is not identified by any one having knowledge of the facts as a true representation of the outlines of the area from which the timber was sold. We agree that there is no proper foundation for admitting this plat to be found in the testimony that Converse made it, originally, on statements of others. Only one of these other persons, Hillman, testified, and he was present during only a portion of the work of surveying, and pointed out only a few lines. The reported statements of the other persons was hearsay in this case. The plat, to

be admissible, must be made, in effect, part of the testimony of a witness who had knowledge. 2 *Wigmore, Evidence,* secs. 790 and 793. If it was admissible at all, then, it was made so by the testimony of Downing that the outlines on which he sold the timber, at the direction of the owner, were exactly the same as the lines he saw cut on the land. If those lines cut on the land were identified as exactly the same as those on the plat, then, of course, there was legally sufficient testimony to identify the lines given at the sale with those on the plat, and the plat would be admissible. The question is, finally, whether, without testimony directly on the point, the lines cut on the land and the lines on the plat could be taken as the same so as to serve as foundation for admitting the latter. This Court has come to the conclusion that they could not, and that for this reason the ruling excepted to, in the third exception, was erroneous; and for the error the judgment must be reversed.

As the case must be retried, it is necessary to pass on other exceptions to rulings on evidence. There were nine exceptions to the exclusion of evidence offered by the appellants to show the location and size of a tract named "Great Swamp," or "Great Swamp Tract," and title lines of a large tract referred to as "Tract No. 10," both owned by Captain White, to identify the land referred to in the contract, and an exception to the exclusion of evidence offered to show that the seller owned land on both sides of the road mentioned in the contract. This evidence should, in the opinion of this Court, have been admitted, so far as any part of the land referred to in it might be identified as included within the "Swamp piece of land," "Swamp or tract of swamp land," and as the area from which the timber was bought and sold by the parties.

Evidence of the appellants as to circumstances under which the written agreement or receipt was prepared, in order, as the appellants state, to show the jury under what conditions the contract was prepared, seems irrelevant for that purpose. There was no attack on the validity and bind-

ing effect of the contract, no ambiguity in expressions to be resolved against the writer, and the offer would seem on its face to be merely one of parol evidence to affect the writing. We do not find error in the rejection of the offer.

Evidence for the appellees by an assistant of the surveyor, that Hillman had pointed out the lines of one portion of the tract, and that the remainder had been pointed out by others, was, so far as it went, proper introduction to the offer of the surveyor's plat, and the admission of it was proper, and harmless to the appellants, although, as we have found, it was not sufficient as foundation for the introduction of that plat. Two other exceptions were taken to exclusion of testimony which was immaterial and were not pressed in argument, and discussion of them seems unnecessary.

> *Judgment reversed, and new trial awarded,*
> *with costs to the appellants.*