# FRANK M. MUSSELMAN ET AL. *v.* JAMES R. MOXLEY.

*Sale of Timber—Misrepresentation as to Acreage—"More or Less."*

The rule that where, on a sale of land or of timber thereon, the vendor's representation of quantity is qualified by the words "more or less," no relief will be given on account of deficiency or surplus, does not apply to a case of willful or fraudulent misrepresentation of quantity, and a deficiency unreasonably large may in itself, at times, suggest or indicate fraud.          pp. 16, 17

Where a tract of timber, sold as containing seventy acres "more or less," actually contained less than fifty acres, and there was evidence that, shortly before, the vendor had bought it as containing fifty acres, and that he himself had made no survey, there was evidence of lack of good faith to go to the jury, in an action by the purchaser to recover for the deficiency.
          pp. 17, 18

*Decided January 12th, 1927.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

Action by Frank M. Musselman and Henry G. Hoke, copartners, trading as Musselman & Hoke, against James R. Moxley. From a judgment for defendant, plaintiffs appeal. *Reversed.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Edward M. Hammond,* with whom was *W. Gill Smith* on the brief, for the appellants.

*James Clark,* with whom was *H. Courtenay Jenifer* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from a judgment for defendant's costs in a suit instituted by the appellants, Frank M. Musselman and Henry K. Hoke, co-partners, trading as Musselman & Hoke, against the appellee, James R. Moxley, to recover money claimed to have been wrongfully paid him by the appellants, in the purchase of timber.

The appellants were, in the year 1923, engaged in the lumber business. In the spring or summer of that year, Musselman, one of the appellants, a resident of Pennsylvania, went to Howard County, and there looked at the timber on two pieces of land owned by Moxley, with the view of purchasing the timber. At that time no purchase was made of it. Later, in October of the same year, Musselman again looked at the timber and then bought it for five thousand dollars.

In the written contract of sale therefor, the timber is described as follows: "All the timber now standing and growing on all those two pieces of wood land, containing in the aggregate seventy acres more or less, situate and lying on the farm which the said James R. Moxley recently purchased from the Westphal Estate in * * * Howard County, Maryland."

The entire amount of the purchase money (five thousand dollars) was paid to Moxley. The purchasers, after cutting some of the timber, were of the opinion that the two timber tracts did not contain the number of acres stated in the contract of sale, and they had the land surveyed, when it was found that the larger tract contained thirty-one acres and twenty-one and one-third square perches, while the smaller tract contained sixteen and one-fourth acres, making in all less than forty-seven and one-half acres.

It was to recover the amount paid for timber they did not get, because of the shortage in acreage, amounting with interest to $1,814.49, that this suit was brought.

In the trial of the case, three exceptions were taken to the rulings of the court. Two relate to the evidence and one to the action of the court in granting defendant's prayer at the conclusion of the plaintiffs' evidence, withdrawing the case from

the consideration of the jury. In disposing of the last exception, it will be necessary for us to state the evidence at some length.

Musselman, one of the plaintiffs, testified that, on the occasions when he visited the timber tracts, he was told by Moxley that there were seventy-five acres in the two tracts. After he had agreed to purchase the timber, he accompanied Moxley to the office of Moxley's attorney, Mr. Clark, in Ellicott City, to have the written contract prepared. In the course of its preparation, Mr. Clark asked the number of acres in the two tracts, that he might insert it in the contract, and Moxley replied, saying "seventy acres." As this amount was less than that which he had previously told Musselman, the latter said "all right, but it is not supposed to vary over an acre either way." This he said three times while the contract was being prepared. Musselman stated that when upon the land he made an estimate of all the lumber that could be cut therefrom, by taking a piece of ground that he supposed was about an acre and counting the trees upon it and figuring the amount of lumber that could be cut therefrom, which amount he placed at seven thousand feet. He did this with one acre only, but in this way he estimated the value of all the timber on the two tracts, consisting, as he was told, of seventy-five acres. The timber varied in amount on the different parts of the tracts, but he allowed for such variance in making an estimate of its value. That he was not shown all the boundaries, nor did he go over all the land, and that on one side, at least, it bordered upon the timber land of others. He was then asked: "Do you mean to say you bought the timber without having the boundaries pointed out to you or walking over the ground"? Answer: "Yes, sir; I was buying it by the acre."

Mr. Talbot, who, at the instance of the plaintiffs, surveyed the two timber tracts, found them to contain the amount already stated, less than forty-seven and one-half acres. He, when asked if there was any land adjacent to the tracts surveyed that was also in timber, replied: "Yes, this thirty

acres (which was one of the tracts) was partly surrounded by other timber."

Joseph A. Brunsman testified that he, under power of attorney from the owner, sold the Westphal property, which contains said timber`tracts, to James R. Moxley, who owned a nearby farm. He was then asked: "What was said, if anything, about the timber on that land, as to the quantity of acreage, at the time of the sale you made to him? A. I say about fifty acres. Q. Did you tell him that? A. Told him I say about fifty acres. That is the way it was described." And on cross-examination he was asked: "And told him that there was fifty acres of timber? A. I told him, I say, fifty acres of timber land." The Westphal property had been sold to Moxley only a short while before the sale of the timber in this case.

In deciding the question presented by this exception, we must determine the meaning and effect of the words "more or less," considered in connection with the facts disclosed by the plaintiffs' evidence. The term "more or less," used in describing the quantity of land, has acquired a legal meaning in this state, which is supposed to be known to all purchasers, and it is unnecessary for us to go beyond the decisions of our own state to learn their true import and effect when used in contracts for the sale of land.

In *Jones v. Plater,* 2 Gill, 128, the court adopts the language of Judge Story in *Stebbens v. Eddy,* 4 Mason, 419, where he says: "It seems to be that there is much good sense in holding that the words 'more or less,' or other equivalent words in contracts or conveyances of this sort, should be construed to qualify the representation of quantity in such a manner that, if made in good faith, neither party will be entitled to relief on account of deficiency or surplus."

The rule in such cases is thus stated by Chancellor Kent: "Whenever it appears by definite boundaries, or by words of qualification, as 'more or less' or as 'containing by estimation,' or the like, that the statement of the quantity of acres in the deed is mere matter of description, and not of the essence of the contract, the buyer takes the risk of the quantity,

if there be no intermixture of fraud in the case." 4 *Kent's Comm.* 467. This rule has been followed by this Court in a number of cases. *Jones v. Plater, supra; Stull v. Hurtt,* 9 Gill, 451; *Hall v. Mayhew,* 15 Md. 551; *Slothower v. Gordon,* 23 Md. 1; *Tyson v. Hardesty,* 29 Md. 305; *Baltimore Permanent Bldg. & Land Soc. v. Smith,* 54 Md. 203; and *Cohen v. Numsen,* 104 Md. 676.

Though the rule, that where the representation of quantity is in good faith qualified by the use of the words "more or less," no relief will be given on account of deficiency or surplus, is well established in this state, yet it does not apply to a case of willful or fraudulent misrepresentation of quantity. It applies only in the absence of fraud. A deficiency unreasonably large may, in itself, at times, suggest or indicate fraud.

The plaintiffs, as we understand their contention, do not controvert this well established rule of law, but they base their right to recover in this case upon the alleged fact that the representations as to quantity were not made in good faith, but fraudulently made, by the defendant, he, at the time, either knowing that such representations were untrue, or having no reason to believe that they were true. As stated in *Slothower v. Gordon, supra,* vendors "will not be permitted to make representations which are untrue, knowing them to be so, or which they have no reason to believe to be true."

In this case, the defendant stated that the tracts from which the timber was sold contained seventy acres of land. This representation by the evidence was shown to be untrue, and it may be asked upon what information did the defendant make such statement. He made no survey of the land, so far as the evidence discloses, nor is it shown that the deed to him of the farm containing these timber tracts stated the amount contained in them. The only information received by him in respect thereto, as disclosed by the evidence, was the statement of Brunsman, who sold to him the farm, that there were about fifty acres in the two tracts of timber. This information was imparted to the defendant only a short while before the sale of the timber, in which he made the repre-

sentation that these tracts of land contained seventy acres, twenty acres more than what he was told they contained. This fact, with other facts disclosed by the evidence, we think, should have been submitted to the jury, as tending to show that the defendant fraudulently misrepresented the number of acres contained in said land.

The plaintiffs seem to have abandoned the two exceptions to the evidence, as no reference was made to them by their counsel, either in his written or oral argument, but if not abandoned by them, we find no reversible error in the court's rulings thereon.

As the evidence was, in our opinion, wrongfully withheld from the consideration of the jury, under the defendant's prayer, the judgment appealed from will be reversed.

> *Judgment reversed and new trial awarded;*
> *appellee to pay the costs.*