(Decided December 1st, 1897).


## ANTON TEXTOR vs. CHARLES SHIPLEY.

*Tax Sales—Title of the Purchaser—Extinguishment of Ground Rent on the Property—Levy—Description of the Property—Advertisement—Notice to Owner—Sale of Part of Land Taxed.*

When land is sold for taxes, and the sale and the deed to the purchaser are valid, he acquires not only the title of the person who had been assessed for the taxes and failed to pay them, but also a new title under a grant from the sovereign authority which extinguishes all prior titles and incumbrances and all equities arising out of them.

In such case when the property sold is subject to a ground rent under a ninety-nine year lease, the purchaser acquires an unincumbered fee-simple title and the ground rent is extinguished, because the owner of the leasehold is the person required by law to pay all taxes.

There is no presumption against the validity of tax sales, and it is only necessary to show that there has been a substantial compliance with the law in the proceedings leading up to the sale.

One of the objections to the validity of the tax sale in this case was that no levy was made on the property.    There was no evidence that an entry had *not* been made, and there was endorsed on the return a a statement that levy was made in the presence of A. by the bailiff.

*Held*, that the word levy implies seizure in the ordinary way by entry.

The land sold for taxes need not be described by metes and bounds. A levy or return in which the property is described as "all that lot of ground situated in the city of Baltimore, being on the northeast corner of Riverside avenue and Grindell street, improved by a two-story brick dwelling and a two-story brick stable," is sufficient, since that description shows the precise location of the premises.

Local Code of Baltimore City provides that property to be sold for taxes shall be advertised for sale once a week for four successive weeks in two daily newspapers published in said city. In this case the notice was published on November 25 and December 2, 9 and 16. The sale was made on December 24, the day named in the notice. *Held*, that this was a substantial compliance with the statute, the sale having been made on the day immediately following the expiration of the notice or the next day thereafter.

Local Code of Baltimore City provides that there shall be no distress for arrearages of taxes until the collector shall first give to the person in arrears or has left at his residence, or, if neither can be found, on the premises, a statement of the indebtedness and not less than thirty days notice of intention, if the bill is not paid, to enforce payment by distraint or execution. In this case the property sold was a lot subject to a ground rent reserved under a lease for ninety-nine years and the taxes upon the whole were payable by the owner of the leasehold. The tax bills were delivered to the wife of this owner at his residence, with the following notice printed at the foot thereof : "If this bill is not paid within thirty days from delivery, payment thereof will be enforced by distraint or execution." *Held*,

1st. That it was no objection to the notice that the name of the collector was not appended thereto, the taxes being due to the city and State and the name of the collector being printed on the bills.

2nd. That it was not necessary also to give notice to the owner of the ground rent.

The rule that where a sale of a part only of the land taxed would be sufficient to pay the taxes, then only a part should be sold, has no application to a small city lot having a frontage of only twenty feet and a depth of one hundred and twenty feet, improved by a dwelling, stable and sheds.

Appeal from a judgment of the Superior Court of Baltimore City (RITCHIE, J.) At the trial before the Court, without a jury, the plaintiff offered the following prayers, all of which were rejected :

1st. The plaintiff prays the Court to rule as matter of law

that under the pleadings and evidence in this cause the plaintiff has shown such a title and right of possession to the property described in the declaration as entitles him to recover, and the verdict of the jury must be for the plaintiff.

2nd. That if the Court find that John G. Medinger was, on July 27th, 1874, the owner in fee-simple of the property described in the declaration and in possession thereof, and did on said day lease said property for the renewal term of ninety-nine years to D. Henry Black, subject to an annual rent of $110.00, and on the same day said D. Henry Black assigned said leasehold interest in said property to Charles H. Black, and that on August 1st, 1877, said Medinger conveyed the reversionary interest therein to Robert Rennert, who subsequently, on February 24th, 1887, conveyed the said reversionary interest to Anton Textor, the plaintiff in this case; and if the Court further find that the defendant Shipley claims title and possession of said land under and by virtue of a tax sale reported by Lewis H. Hopkins, City Collector of Baltimore, to the Circuit Court of Baltimore City, in the proceedings in the matter of tax sale No. 99, offered in evidence in this case, and the deed from Lewis N. Hopkins, City Collector aforesaid, to the Mayor and City Council of Baltimore, dated September 11th, 1889, and the deed from the Mayor and City Council of Baltimore to Charles Shipley, dated December 30th, 1889, that then the verdict should be for the plaintiff in this case, because the said tax proceedings show no levy to have been made upon the property described in the declaration legally sufficient to authorize a sale of said property for taxes.

3rd. That if the Court find the facts set out in the plaintiff's second prayer, that then the verdict must be for the plaintiff in this case, because the said tax sale proceedings show that the City Collector failed to leave with the person by whom were to be paid the taxes on the property described in the declaration in this case, or at his usual place of abode, a statement showing the amount of taxes due upon said property by him, with a notice annexed thereto,

that unless said taxes so due were paid within thirty days thereafter, the said City Collector would proceed to collect the same by distress or execution to be levied on said property as required by law.

4th. That by a true construction of the documentary evidence in this case, the plaintiff has shown in himself a good and sufficient title to the property mentioned in the declaration in this case and to the possession thereof, entitling him to recover against the defendant.

A former appeal between the same parties is reported in 77 Md. 473.

The cause was argued before McSherry, C. J., Bryan, Fowler, Briscoe, Page, Roberts, Boyd and Russum, JJ.

*Frederick C. Cook,* for the appellant.

I. The only questions to be considered in this case by this Court ought to be the questions in fact decided in the lower Court, namely, *the regularity and validity of the tax sale;* as there was a practical concession, by the lower Court, of the validity of the plaintiff's title up to the time of the tax sale, and as no objection to the plaintiff's title was made in the lower Court, the same ought to be assumed in this Court.

II. The validity of the tax sale is by the plaintiff's second prayer attacked upon the specific ground that the levy upon the property sold for taxes was not shown in the tax sale proceedings to be of such a character as to justify the sale.

The collector's report says that *he levied upon the property aforesaid as per Exhibit No. 2.* This Exhibit No. 2 appears in the record to be a schedule of the property of Charles Black or owner, seized and taken by virtue of the laws of the State of Maryland prescribing the manner of collecting taxes in arrear, and is under the hand and seal of L. N. Hopkins, and the signature of Chas. M. Hope, bailiff, is also appended to it. It is dated May 18th, 1887, and on the back of the original paper, although it does not appear

in the record, is found the following : " No. 99. Levy made in presence of J. J. Rock, this 18th day of May, 1887, by Charles M. Hope, bailiff."

The property levied on and scheduled is stated to be all the right, title, interest and estate of Charles Black or owner, in and to *all that lot of ground situate in the city of Balti-more, being at the northeast corner of Riverside avenue and Grindall street ——— and ——— streets. Improved by a two-story brick dwelling and a two-story brick stable.*

This levy, if it be anything more than a pen and ink levy, by the bailiff, Hope, is an insufficient one for the following reasons : (*a.*) It does not affirmatively show, as it ought to do, *any entry* upon the land actually made at the time of the levy. This has been decided by this Court to be neces-sary in tax sale cases. *Duvall* v. *Perkins,* 77 Md. 586–7.

The exercise of the special statutory authority of the col-lector to make a sale, requires a precedent levy on the land ; " the collector shall levy upon any property of the delin-quent, &c." *Code,* Article 81, section 50. And no levy, save in some few exceptional cases, can be made upon land or interests therein, without an actual entry upon the same and a seizure thereof. The actual presence of the *res* is necessary, whether chattels are to be levied on—*Horsey* v. *Knowles,* 74 Md. 602—or land be taken. *Waters* v. *Du-vall,* 11 G. & J. *47 ; *Elliott's lessee* v. *Knott,* 14 Md. 135. How this levy was made, where it was made, upon what part of the land, if attempted to be made upon the land, does not appear by anything recited in the proceedings, and as the Court in ratifying a tax sale acts in the exercise of a *limited and special jurisdiction,* all essential prerequisites must by the recitals of the record itself appear to have been substantially complied with. *Guisebert* v. *Etchison,* 51 Md. 486 ; *Rich-ardson* v. *Simpson,* 82 Md. 159. While the statute says that the Court to which the Tax Collector reports his sale " shall examine the proceedings, and if the same appear to be regular, and the provisions of law in relation thereto have been complied with," shall issue a *nisi* order to be

given as provided for in the statute, and if no cause or in-
sufficient cause be shown, shall ratify and confirm the sale,"
" and the purchaser shall, on payment of the purchase
money, have a good title to the property sold," and subse-
quently provides that the exceptant, on exceptions, assume
the burden of showing the invalidity of the sale—Article
81, section 52, Public General Laws—still it has been uni-
formly held, that the title was not thereby established to be
conclusively good, and even where the act itself provided
that the order of ratification should be *conclusive of the reg-
ularity of the proceedings*, it has been held that this effect
could not be legally given to such an order. *Baumgardner*
v. *Fowler*, 82 Md. 638. The levy in this case must be gov-
erned by the same rules that apply to the confirmation of a
constable's sale of lands, under a writ of *fieri facias*. The
sale itself, differing from a sheriff's sale, in this regard, that it
passes no title to the purchaser, whose title depends upon
the subsequent ratification of the sale by the Court. In such
a case this Court has said : " It is material to consider, that
the Circuit Court acting upon this subject exercised a
special jurisdiction conferred by statute ; and in such case
the proceedings must show on their face a substantial com-
pliance with the provisions of the law." *Dorsey's lessee* v.
*Dorsey*, 28 Md. 394.

(*b*.) The levy if otherwise valid, surely does not describe
the property seized by the collector, in such terms, that the
same may be ascertained and located. That it is property
at the northeast corner of Riverside avenue and Grindall
street, improved by a two-story brick dwelling and a two-
story brick stable, is stated. How much of the property at
this corner and running both ways towards the next open
street or alleys was levied on, does not appear. While prop-
erty at that point improved in whole or part by the brick
dwelling and stable, is mentioned, whether only so much as
is covered by the improvements mentioned or more was
levied on, is not clear. Why such indefiniteness of descrip-
tion should occur in tax sales in Baltimore City, as is shown

in this case, is hard to understand, as the City Collector always charges for surveyor's fees, under the ordinances of the city (City Code 1879, Article 49, section 45), when property is sold for taxes or even after any of the preliminary proceedings are taken, and when he has a force of twenty-two bailiffs, in addition to the clerical force of his office (City Code 1879, Article 49, section 59), to aid him in the performance of his duties. This indefiniteness of description arises from the collector's own neglect, or that of his subordinates, for which he is chargeable. The lot is not mentioned in any way in the schedule to show it has any well-ascertained metes and bounds upon any city plat or any plat of property, or by reference to any deed or other paper giving a description of it, or by showing who is the occupant of the same, and might as readily be a 150-foot lot fronting on Riverside avenue as the 20-foot lot in the declaration described. The uncertainty of the schedule cannot be eked out and rendered more certain by any intendment. *Dorsey's lessee* v. *Dorsey*, 28 Md. 393. The practice in Baltimore City in the sheriff's office is to make the description of the property levied on, and which is usually described in a schedule accompanying the return, very full and precise, by metes and bounds ; and while the practice may be to give a more technically accurate description than is essentially necessary, still no description that does not clearly identify, ascertain and locate the land, can be sustained. *Poe's Practice*, section 658.

This schedule cannot be helped by other portions of the record in the tax sale proceedings and must stand or fall by itself, aided only by what it specially refers to. The only aid could be the improvements. The plat of the improvements appearing in the record shows their condition at the time of the tax sale and the several proceedings mentioned therein, that is, at the time of the levy and schedule. Is not this schedule and levy, to say the least, misleading ? They refer only to a brick dwelling and stable on a lot at the northeast corner of Riverside avenue and Grindall street,

not stating whether they front on Riverside avenue or on Grindall street, not even designating, as is usually done, the dwelling-house by its street and number.  Any one reading this description would ordinarily think the dwelling-house covered the front of the lot at the corner of Riverside avenue and Grindall street, and the plat shows a lot 20 feet front by a dephth of 48 feet and 8 inches, unimproved at this corner, and if we add the frame sheds, a lot of 20 feet front by a depth of 78 feet and 7 inches.  This brick dwelling and stable were only about one-half of the improvements then upon the lot.  The appellant refers to the following authorities on the insufficiency of this description : *Forbes* v. *Hall*, 51 Me. 568; *Taylor* v. *Cozart*, 4 Humph. 433; *Brown* v. *Monghon*, 70 Ga. 756; *Fitch* v. *Pinckard*, 5 Scam. 69; *Black*, *Tax Titles*, sec. 172; *Alexander* v. *Walter*, 8 G. 259–61; *Ronkenkorff* v. *Taylor's lessee*, 4 Peters, 362; *Cooper* v. *Holmes*, 71 Md. pp. 23 and 30.

III.  The validity of the tax sale is by the plaintiff's third prayer attacked upon the ground that the tax sale proceedings show that the preliminary notice required by the law was not given.

Article 81, section 49, requires the Tax Collector before proceeding to enforce payment of taxes to " first leave with the party by whom the taxes are to be paid   *   *   *   or at his   *   *   usual place of abode or   *   *   *   to set up on the land or premises to be distrained or sold, or to deliver to any person in possession thereof," a certain notice. This notice is ordinarily left with the lessee for 99 years, and the report of the collector shows that the notice in this case was left with Lizzie Black, wife of Charles Black, at his residence No. 10 Riverside avenue.   This notice was printed on bills, setting forth the amount of taxes due on the property, to the city and State respectively, specifying the years for which said taxes were due, and was in the following words : " If this bill is not paid within thirty days from delivery, payment thereof will be enforced by distraint or execution."  The notice is directed to nobody, signed by nobody,

and is not a positive and distinct notice, but alternative in its terms.    It was served on the wife of the tenant for 99 years, and does not justify a sale in fee against any one not served.

(*a.*) This notice was not formally correct, in this, that it did not warn any one, in the terms required by the statute, that the collector would proceed to collect the taxes shown to be due in the bills "by way of distress or execution to be levied on said (real or personal) property." *Code,* Article 81, section 49.    " The failure to give this preliminary notice is a fatal defect." *Guisebert* v. *Etchison,* 51 Md. 485,

(*b.*) This notice does not state that " he (the collector) will proceed to collect the same by distraint or execution," but only that payment will be enforced.    The notice not being signed by the collector, there can be no inference that this official is the person who will enforce payment of the bills, and the failure to sign the notice printed on the tax bills, it is submitted, shows, if anything, an absence of intention on the part of the collector to give the prescribed notice.    There is not even the printed name of the collector added to these notices.    His name only appears at the top of the bills, as it does in all bills, for taxes, whether in arrear or not.    Accordingly, the failure to sign this notice by the collector, *propria manu,* or by deputy or bailiff, it is submitted, is a fatal defect.    There is no more express statutory requirement for the collector to sign the advertised notice of sale provided for by Article 81, section 50, than for him to sign the notice called for in section 49 of Article 81, yet the invariable construction is that such advertised notices must be signed by the tax official.    1 *Blackwell, Tax Titles,* section 399.   This preliminary notice is an official document and should be authenticated by the official signature of the collector, as a memorial that it is his act in his official capacity.    2 *Blackwell, Tax Titles,* sections 865 and 866; *Wade on Notice,* sections 1106 and 1107; *Spear* v. *Ditty,* 9 Vermont, 282; *Crawford* v. *State Bank,* 5 Ala. 679; *People* v. *Carpenter,* 24 N. Y. 86.

IV.   The third prayer of the plaintiff submits to the Court

the question of the effect of the documentary evidence in the case as establishing the plaintiff's right to recover against the defendant. It is based upon the assumption that the plaintiff was not called upon to establish in this case a good title against all the world, but only against the defendant, since their several titles were founded upon the same stock, and therefore this case is an exception to the general rule obtaining in ejectmtnt cases. This third prayer submits the regularity of the tax proceedings to the Court for its consideration, and under this head the following questions are raised:

(*a.*) That the advertised notice does not comply with the provisions of the Local Code, Article 4, section 832, which requires the collector to publish his notice of sale in two daily newspapers published in the city of Baltimore *once a week for four successive weeks.* This means that this notice of four successive weeks should be published once in each week of the four successive weeks next immediately preceding the day of sale. *Wade on Notice,* section 1113.

This is the rule of construction when the statute does not state how long before the day of sale the advertisement shall be completed, and when the words are such as not to require the construction to be that the notice should be one of so many days, weeks or months *clear. Stewart* v. *Meyer,* 54 Md. 463. The general rule in the computation of time in matters of practice concerning giving notices, is to exclude the first day and exclude the last day of the notice, or *vice versa. Walsh, Trustee,* v. *Boyle,* 30 Md. 267. Upon an inspection of the two exhibits, Nos. 3 and 4, filed with the collector's report, which he refers to as certificates of the advertisement made by him, it will appear that more than one week had elapsed between the last publication and the day of sale, even excluding the day of sale. The last advertisement in both the " Sun " and " German Correspondent " appeared to be on December 16th, 1887. Now, if December 16th be in last one of the four successive weeks, and that week

should begin on that date, it would expire on the 22d day of December, 1887, and thus these four successive weeks would be *next preceding* the 23d day of December, 1887, and *not next preceding* December 24th, 1887, the advertised day of sale. The collector in his report does not even state that the four successive weeks of advertisement were the four consecutive weeks next preceding the day of sale. A defect of notice or an insufficient notice is clearly a matter that invalidates the collector's sale, attempted to .be made thereunder, as already urged in discussing the question of preliminary notice.

(*b*). That the advertised notice and preliminary notice, even if regular in form, being given to and against the lease-holder alone, do neither authorize or justify the sale of another person's interest, namely, that of the fee-simple owner, by the Tax Collector. The 66th section of Article 81, directing the leaseholder to pay the taxes on the demised premises and giving him an action over against his landlord for the same, or allowing him to retain the amount paid out of his rent, unless the contract between the lessor and lessee should preclude him from so doing, has been in all probability the cause of the Tax Department carrying upon its books only the leaseholder's name as a tax-payer. But by its very terms, this section recognized that as between the State and city on the one side and the owner, whether in fee-simple or of a leasehold interest on the other, the duty to pay taxes, and the incidental liability therefor exists. Simply as such the owner of the leasehold is not chargeable with the primary liabitity for the taxes levied on the fee-simple interest. *P. W. & B. R. R.* v. *Appeal Tax Court*, 50 Md. 411.

Notwithstanding the fact that the taxable owner contemplated by the Acts is the leaseholder and not the owner in fee (*M. & C. C. of Balto.* v. *Canton Co.*, 63 Md. 235-7), still, when it comes to depriving of his property the owner of the reversion, who in this case appears to be the substantial owner, having paid $1,420.00 for the rent on property

assessed in fee at $1,225.00, it is earnestly urged that the
equitable theory on which the Canton Company's case is
founded fails to meet the requirements of justice, and that
the doctrine applied in the subsequent case of *Ulman* v. *M.
& C. C. of Balto.*, 72 Md. 587, ought to be invoked.   No
opportunity is given to the owner of the fee by the assess-
ment law or the proceedings to enforce the taxes, to resist
either the valuation put upon the property or the sale, for
failure to pay taxes on this valuation, but this imposition is
made a lien on his property, and without any notice he is
deprived of his property.   It is submitted, that this is in
violation both of the principles of the State Constitution,
stated in the Bill of Rights, and in violation of the Consti-
tution of the United States.

(*c*).  Under the third prayer of the plaintiff, it is also urged
that the record and proceedings show that more land than
was reasonably necessary was sold by the Tax Collector.
This is manifest when it appears that the property assessed
" at its full cash value without looking to a forced sale," as
the basis of raising revenue for the State and city, was sub-
sequently sold for $94.00 to the Mayor and City Council,
less than one year's rent reserved thereon under the lease,
in order to defray taxes for two years, only aggregating
$45.02, with a small amount of interest thereon.   The price
paid by the city covered about the costs of the tax sale pro-
ceedings and taxes.   When we look at the plat offered in evi-
dence and find the property sold fronts on two streets and
has a frontage of 20 feet in Riverside avenue, by a depth
of 121 feet 8 inches on Grindall street, and that the improve-
ments all front on Grindall street and are towards the rear
of the entire lot mentioned in the order of ratification, and
leave a vacant lot of 20 feet front with a depth of 48 feet 8
inches at the corner of Riverside avenue and Grindall street,
it is apparent that the City Collector could have made a
division of the lot without material injury to the owners and
have offered the improved or unimproved portions sepa-
rately, and might have realized sufficient to have paid the

taxes in arrear by the sale of one part only—and that is
rendered more manifest when we notice that within three
months after obtaining its deed for the property from the
collector, the city disposed of the property for $320 to the
defendant Shipley, who, within two months afterwards,
leased the same under an annual rent of $80.00 to Elizabeth
Black, the wife of Charles Black, the former lessee, whose
duty it was to have paid the very taxes for which the prop-
erty was sold. In such a condition of affairs it was the duty
of the collector to sell no more than was necessary to have
paid the taxes, a division of the lot being obviously practi-
cable. *Magraff* v. *Cunningham's Heirs,* 57 Md. 585.

*Thomas G. Hayes,* for the appellee.

Every requirement of the tax laws has been complied
with in the tax sale proceedings, and said proceedings vest
in Charles Shipley a good and valid title in fee-simple. The
law as repeatedly announced by this Court is that a decree
of final ratification, passed under a tax sale proceeding by
the Circuit Courts in Baltimore or the counties, is *prima
facie,* legal and the burden to show the contrary is on the
one attacking the legality of the proceeding. *Guisebert* v.
*Etchison,* 51 Md. 478 ; *Ex Parte Tax Sale 172,* 42 Md. 196 ;
*Margraff* v. *Cunningham,* 57 Md. 585 ; *Cooper* v. *Holmes,*
71 Md. 26 ; *Richardson* v. *Simpson,* 82 Md. 159. In *Cooper*
v. *Holmes, supra,* it was said by the Court : " The final rati-
fication of the sale throws upon the party impeaching it the
obligation to prove a failure to comply with the provisions
of the law, *and no presumption can be invoked against the
regularity or validity of the sale.*" A tax official is presumed
to have performed his duty. *Hunt* v. *Swayne,* 25 Atl. Rep.
850 ; *Force* v. *Gardner,* 43 N. J. Law, 417 ; *Lamb* v. *Gillet,*
14 Fed. Cases, 1008, No. 8016.

1. The levy on the premises was sufficient. Not only
does the levy say on its back that it was a *levy,* with the
meaning and import of the words as conveyed by the use
of the word " levy," but the schedule declares that the

" lands and tenements, &c.," were " *seized and taken by virtue of the laws of the State Maryland, prescribing the manner of collecting taxes in arrears.*" There is no evidence to modify, alter or refute this language of the schedule which declares a manual seizure. The Court won't *presume* there was no seizure by the tax official sworn to do his duty.

2. The description in the levy is ample, the record gives it as " all that lot of ground situate in the city of Baltimore, being on the northeast corner of Riverside avenue and Grindall street, improved by a two-story brick dwelling and a two-story brick stable." The plat filed in the case shows this is an exact location of the premies. What more could be required. *Duvall* v. *Perkins,* 77 Md. 586 ; *Weldasin* v. *Bare,* 33 Atl. Rep. 365 ; *Estep* v. *Duvall,* 11 G. &. J. 49 ; *Poe, Prac.* sections 657–58 ; *Keely* v. *Sanders,* 99 U. S. 441.

3. Advertisement is sufficient as to time and description. *Atkinson* v. *Duffy,* 16 Minn. 48 ; *Alexander* v. *Messeny,* 14 S. E. Rep. 855 ; *Wade on Notice,* 1113–1115 ; 2 Miles, 150 ; 30 Ark. 661; 16 How. 610.

4. The notice of collector to the one who owed the arrears of taxes, that unless the same be paid in thirty days, there would be an execution or distraint is ample, and proper. It was signed by the collector, so far as the proof is concerned, in proper place. 22 *A. & E. Ency. Law,* 782. There is no proof that it was not signed and in due form. The printed signature, which appears in record, is as good as a written one. *Fulton* v. *MacCracken,* 18 Md. 541.

5. The law says the notice of delinquent taxes and an intention to distrain or execute must be left, either with the one " by whom the taxes are to be paid," or " *at his or their usual place of abode.*" The report of Tax Collector states the notices " *were delivered to Lizzie Black, wife of Charles H. Black, at his residence, No. 10 Riverside avenue, the owner of such property.*" It is only necessary to place side by side the quotations from the law, and the extract from collector's report to show an exact compliance with the law.

6. It is only necessary to cite the following authorities

to support the correctness of the levy on the fee-simple estate, and not on the leasehold, and that a sale under such a levy gave to the purchaser, if valid, a title to the fee-simple : *Canton Co.'s case*, 63 Md. 235 ; *State* v. *Central Bank*, 67 Md. 296 ; *Banks* v. *Haskie*, 45 Md. 218 ; *Textor* v. *Shipley*, 77 Md. 476 ; *Keely* v. *Sanders*, 99 U. S. 441; *Turner* v. *Smith*, 14 Wall. 553 ; *Hefner* v. *Ins. Co.*, 123 U. S. 747.

FOWLER, J., delivered the opinion of the Court.

This is an action of ejectment. The property in controversy is situated in Baltimore City on the northeast corner of Grindall street and Riverside avenue. The case was tried before the Superior Court of Baltimore City without a jury. The learned Judge ruled that under the pleadings and evidence the plaintiff failed to show in himself any title or right of possession to the property in question. There was a verdict and judgment thereon for the defendant, Charles Shipley. The plaintiff has appealed.

A number of questions were discussed at the hearing, but all of them—all that we think necessary to consider, are involved in the main question of the validity *vel non* of the proceedings in the Circuit Court of Baltimore which resulted in the sale of the property mentioned, for the unpaid taxes of 1885 and 1886. The city became the purchaser at the tax sale, and subsequently sold and conveyed it to the defendant Shipley, who is now the appellee.

The title of the defendant is founded upon and derived from the tax sale. *Borroughs on Taxation*, 346 ; *Horseman* v. *Durham*, 165 U. S. 147 ; *Hefner* v. *North Western Ins. Co.*, 123 U. S. 751 ; for although he did not purchase at the tax sale, his grantor, the city, did. In *Hefner v. Ins. Co., supra*, it is said : " If the tax deed is valid then from the time of its delivery it clothes the purchaser, not merely with the title of the person who had been assessed for the taxes and had neglected to pay them, but with a new and complete title in the land, under an independent grant from the sovereign authority, which bars or extinguishes all prior

titles and incumbrances of private persons, and all equities arising out of them." This being so the controlling question in this case is as to the regularity and validity of the proceedings which resulted in the tax sale at which the grantor of the plaintiff purchased.

During the course of the trial there was but one exception taken and that was to the ruling upon the prayers, which resulted in the granting of the defendant's prayer and the rejection of the four prayers of the plaintiff. By the defendant's prayer it was declared, as we have already seen, that the plaintiff had not shown any title or right of possession. All the rejected prayers are based upon the theory of the invalidity of the tax sale. The first and fourth ask the Court to declare that the plaintiff had shown a good and sufficient title and right of possession, and that, therefore, he was entitled to recover. But, as we have seen, the sufficiency of the plaintiff's title prior to the tax sale is immaterial, if the tax sale be valid. And whether this sale be valid or not we will briefly inquire.

The grounds of attack on the tax sale proceedings as set forth in the second prayer of the plaintiff is that no levy was made upon the property, and in the third that " the tax sale proceedings show that the City's Collector failed to leave with the person by whom were to be paid the taxes   *   * or at his usual place of abode, a statement showing the amount of taxes due   *   *   * with a notice annexed thereto, that unless said taxes so due were paid within thirty days thereafter, the said City Collector would proceed to collect the same by distress or execution, as provided by law." These, together with the objection that the proceedings show that more land was sold than was necessary, constitute the case of the appellant.

First, then, in regard to the sufficiency of the levy. It has been often held in this State that when tax sales are under consideration it is only necessary that it shall appear that there has been substantial compliance with the law in all the proceedings of which the sale is the culmination,

and that the order of ratification is only *prima facie* and not conclusive evidence of the validity of the sale. *Guisebert* v. *Etchison,* 51 Md. 478; *Stuart* v. *Meyer,* 54 Md. 454; *Cooper* v. *Holmes,* 71 Md. 20; *Richardson* v. *Simpson,* 82 Md. 159. It was said in *Cooper* v. *Holmes* that no presumption can be invoked against the regularity of the tax proceedings. We are of opinion that the levy in this case was sufficient. It appears by the return of the collector and bailiff that all the right, title and estate of the owner were *seized and taken* by virtue of the laws prescribing the manner of collecting taxes in arrear. We are not to assume that these officers failed to perform their duty. If the plaintiff had any affirmative proof to show that in point of fact no actual entry was made, and that, therefore, no legal seizure or taking was possible it was his duty to produce it. In the case of *Duvall* v. *Perkins,* 77 Md. 587, relied on by the plaintiff, it affirmatively appeared that there had been no entry. There was no such evidence in this case. On the contrary, there is endorsed upon the levy the following : " Levy made in presence of J. J. Rock, this 18th May, 1887, by Charles M. Hope, bailiff." The word levy itself implies seizure in the ordinary way by entry. *Byer* v. *Etnyer,* 2 Gill, 152; *Webster's International Dictionary.* But in the next place it was contended that the description of the lot as set forth in the levy or return is faulty and not sufficient. We think, however, it is ample. It could not well have been made more definite, unless it had been described by metes and bounds, which is not necessary. The description is " all that lot of ground situate in the city of Baltimore, being on the northeast corner of Riverside avenue and Grindall street, improved by a two-story brick dwelling and a two-story brick stable." The plat filed shows this is an exact location of the premises. Nothing more is required. Land taken in execution need not be described by metes and bounds. The description in the levy is needed for location and identification of the property, and not for exact description. In other words it need not be described with tech-

nical accuracy; (*Berry* v. *Griffin*, 2 H. & G. 337; *Dorsey* v. *Dorsey*, 28 Md. 388; *Duvall* v. *Perkins*, 77 Md. 586; *Keely* v. *Saunders*, 99 U. S. 441), provided a description is given by which the property may be readily located.

Again, it was contended that the tax sale was not advertised according to the provisions of the Local Code of Baltimore City of 1879, Article 49, sec. 5, which provides that the property to be sold for taxes in arrear shall be advertised for sale once a week for four successive weeks in two daily newspapers published in Baltimore. The sale was made on the 24th December, the day named in the notice, and it was published according to the above section of the Local Code, four successive weeks before the sale, namely, on the 25th November, the 2nd, 9th and 16th of December. The objection that the sale should have been had on the 23d instead of the 24th December, and that therefore the whole proceeding is irregular and void is sufficiently answered by the fact that the sale took place on the day fixed by the notice, and that that day, if not the day immediately following the expiration of the notice, was the next day thereafter. This, in our opinion, was sufficient to constitute a substantial compliance with the provisions of the Local Code relative to giving notice of the sale. We see no objection to the description of the lot as set forth in the advertisement.

It is further objected that there was a failure to give the preliminary notice prescribed by sec. 4, Art. 49 of the Baltimore City Code 1879, which provides that there shall be no distress for arrearages of taxes until the collector shall first give to the person so in arrears, or has left at his or their residence or last known residence or if neither can be found, on the premises, a statement of the indebtedness, and not less than thirty days notice of intention, if bill is not paid in that time, that payment will be enforced by distraint or execution. The tax proceedings show that the statements of indebtedness, commonly called tax bills, were delivered to the wife of the owner or person assessed at his

residence No. 10 Riverside avenue. At the foot of these bills there was the following notice printed : " If this bill is not paid within thirty days from delivery, payment thereof will be enforced by distraint or execution." It is urged that this notice is fatally defective because the name of the collector does not appear under it. But this objection might be urged with equal force against the statement or tax bill. It has never been supposed that a tax bill must be authenticated by the signature of any one, any more than any other bill or statement of indebtedness. It sufficiently appears that the taxes are due to the city or State, and the name of the collector upon whom the law has placed the duty of collecting them is printed on the tax bills. We are of opinion that the statement and notice taken together show what they are, and that the law in this respect has been complied with. When a delinquent tax-payer receives such a tax bill and notice it is impossible to suppose that there can be any doubt in his mind as to the amount of taxes he owes, and that if he does not pay in thirty days the collector will proceed by way of distraint or execution. It is said, however, that this notice should have been given to or left at the residence of the plaintiff, who owes the fee. In answer to this objection it is sufficient to say that the notice was properly given to the owner of the leasehold interest under a lease for 99 years, he being the person who under our tax laws is assessed and considered as the owner. *Mayor and C. C.* v. *Canton Co.*, 63 Md. 218.

The rule laid down in *Dyer* v. *Boswell*, 39 Md. 471 ; *Margraff* v. *Cunningham*, 57 Md. 585, and other cases, to the effect that where a part of the land taxed is sufficient to pay the taxes in arrear, the collector can sell only such part as has no application to a small city lot having a frontage of only twenty feet and a depth of one hundred and twenty feet, improved by a dwelling, stable and sheds.

*Judgment affirmed.*

(Decided December 1st, 1897).