## MARY C. TAYLOR *vs.* HATTIE V. FORREST.

*Tax Sale Must be Reported and Deed Executed by the Collector Who Made the Sale and Not by His Successor in Office.*

Code, Art. 81, sec. 52 and Local Code, Art. 4, secs. 832, 834, provide that when land in Baltimore City is sold for the payment of taxes in arrear, it shall be the duty of the Collector of Taxes to report all proceedings relating to the sale to the Circuit Court, which shall ratify the same after the statutory notice shall have been given, if the provisions of the law have been complied with. It is also provided that if the property so sold be not redeemed within a year and a day from the day of sale, the collector shall, on payment of the purchase-money, execute a deed to the purchaser. In this case certain land was sold for non-payment of taxes on December 17th, 1895, by H, who was then collector of taxes in said city. The sale was reported to the Circuit Court on December 29th, 1896 by P, the then collector and the successor in office of H, and was ratified by the Court on April 14th, 1897. The Collector P, executed a deed to the purchaser in the same month. *Held*, that under the statute the report of a tax sale must be made to the Court by the Collector who made the sale and not by his successor in office, and that the deed to the purchaser must be executed by the collector who made the sale, unless its execution by the succeeding collector be authorized by order of Court, and that since the statute had not been complied with in these respects the sale in question is null and void and the purchaser acquired no title to the land.

Appeal from the Superior Court of Baltimore City (DEN-
NIS, J.)

The cause was argued before McSHERRY, C.J., FOWLER, BRIS-
COE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.)

*John V. L. Findlay* and *Thos. Mackenzie*, for the appellant.

*Charles A. Briscoe*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff brought an action of ejectment against the de-
fendant in the Superior Court of Baltimore City to recover
the reversion in a certain lot of ground, situate at the south-
east corner of Trinity and Exeter streets, in the city of Bal-
timore.    The case was tried before the Court, without the in-
tervention of a jury, upon an agreed statement of facts, which
is fully set out in the record.    The judgment being in favor
of the defendant, the plaintiff has appealed.

The title of the defendant rests upon a tax sale of the prop-
erty in question, dated the 17th day of December, 1895, and
made by Lewis N. Hopkins, Collector of Taxes for Baltimore
City for the years 1893 and 1894.    The property was pur-
chased by Wm. E. Croswell, the predecessor in title of the
defendant.

The plaintiff's title is derived as devisee of one Margaret J.
Keys, who died on the 28th of December, 1900, and by her
will duly admitted to probate devised the lot of ground and
the ground rent issuing thereout to her sister, the appellant.
The plaintiff's title appears to be good and sufficient if the
defendant derived no title to the property under the tax sale.

The questions of law are presented for our consideration on
the rulings of the Court on the prayers, and the controversy
relates to the regularity and validity of the proceedings, under
the tax sale.

·The sale of the property, through which the defendant claims
title was made on the 17th of December, 1895, by Lewis N.

Hopkins, Collector, for the non-payment of State and city taxes, amounting to sixty-eight dollars and fifty cents, due and in arrear, for the years 1893 and 1894, by one Mary A. Forrest. The property was assessed at $1,900 in the name of Mary A. Forrest, who at the date of the sale held only a life estate, but it was sold by the collector in fee-simple to the purchaser for the sum of $135. The sale was on the 29th of December, 1896, reported to the Circuit Court of Baltimore City by John F. Parlett, the then collector, and the successor of Mr. Hopkins, and was subsequently on the 14th day of April, 1897, ratified and confirmed by the Court.

Now, the effect of an order of ratification by the Court is simply to establish a *prima facie* case ; the regularity of the proceedings under the sale and the title of the purchaser derived from the sale, can be attacked, if the collector has failed to comply with the law.

The collector's power to sell property for taxes is conferred by statute and the law is well settled that in order to render a sale valid there must be a substantial compliance with the essential requirements of the law from which this power is derived. The statute provides, sec. 52 of Art. 81 of the Code of Public General Laws, and sec. 832 of Art. 4 of the Code of Public Local Laws of Baltimore City, that in all cases where lands are held in fee-simple, &c., have been sold, or shall be sold for payment of taxes in arrears according to the provisions of existing laws, it shall be the duty of the Collector of Taxes to report the sale, together with all the proceedings had in relation thereto, to the Circuit Court of the county where said lands are situate or when lands are situate in Baltimore City to the Circuit Court of the city.

It is further provided, the Court to which such report shall be made shall examine the proceedings and if the same *appear to be regular* and the *provisions of law in relation thereto have been complied with* and if after the notice required by the statute has been given, and no cause to the contrary has been shown, the sale shall, by order of Court, be ratified and confirmed, and on the payment of the purchase-money, the purchaser

shall have a good title to the property sold. *Balto. City Code* (1892), Art. 50.

It is obvious then from an examination of the statute applicable to this case that the report of sale and the proceedings had in relation thereto by the collector who made the sale are essential requirements of the statute; and being conditions subsequent to the sale, prescribed by the statute, no title will pass to the purchaser, where the collector fails to perform this duty.

The manifest object and policy of the law in requiring a report of the sale and the collector's proceedings is to enable the owner to ascertain the fact of sale, and to protect his interest by contesting the validity of the sale or by a redemption of the property within the period allowed by law. The proceedings, says Mr. Blackwell, in his work on *Tax Titles*, vol. I, sec. 644, is against the owner's will, in hostility to his rights and for the purpose of subverting his title. There are no parties to the proceeding, but the State, officer and purchaser. The officer is not his agent and has no power to bind him, except so far as he pursues the imperative provisions of the law.

In the present case it will be seen while Mr. Hopkins the collector who made the sale to pay State and city taxes due and in arrear for the years 1893 and 1894, and payable to him as such collector, the report to the Circuit Court of Baltimore City was subsequently made, signed and sworn to, by John F. Parlett, his successor in office, and this report, not made until over a year after the sale.

Was the report, then, as thus made, in this case a compliance with the statute? If not, it is quite clear the sale is void and a nullity because the report of sale is an essential condition precedent required by the statute to be performed, and a substantial prerequisite to the validity of the purchaser's title.

The statute, it seems to us, can have but one meaning, and that is, the report of the tax sale and all the proceedings in relation thereto must be made by the collector who made the sale. The report should be made by the collector with all

convenient speed, after the sale, in order that the owner of the land and others in interest, may have information of the facts, so as to decide upon the right of redemption or contest the validity of the proceedings.

The law does not authorize the successor in office of a collector of taxes to report the sale made by a predecessor in office, and in the absence of such statutory authority and of law from which such a power is derived, it is difficult to see how it can be exercised by him. Collectors of taxes, under our revenue laws, are statutory officers and their powers being derived from statute, the title of purchasers at tax sales is made dependent upon a compliance with the law. In the case of *Duvall* v. *Perkins*, 77 Md. 588, it is said that without some express authority conferred by the Legislature a collector is powerless to complete an execution commenced by his predecessor. The successor of a collector has no greater authority in this respect than the successor or a sheriff.

But it is urged upon the part of the appellee in his supplemental brief that it has been an established custom and usage in the city of Baltimore for more than twenty-five years for the successor of a Collector of Taxes to report sales of real estate made by his predecessor in office. We fail to find any warrant in law or any authority under the statutes, applicable to Baltimore City, even should it be conceded that such a custom has prevailed, in the city, that could sustain such a practice. The statutes referred to by the appellee cannot, in our opinion, be so construed.

The second objection relates to the deed executed to the purchaser. Mr. Parlett clearly had no authority to execute the deed in question. The statute, Art. 4, sec. 834 Public Local Laws of Baltimore City, provides that the collector shall when required, if the property so sold shall not be redeemed at the expiration of a year and a day from the day of sale, and on payment of the full purchase-money execute a deed for the same to the purchaser. This clearly means, *the collector* who made the sale must execute the deed, and without legal authority, the property cannot be conveyed by the

successor in office.   There was no order of Court in this case, authorizing the execution of the deed by the successor of the .then collector.   Code, Art. 81, sec. 58; *Williams* v. *Miller*, 15 Gratt. 213; Art. 50, sec. 51, page 1045, *Balto. City Code,* 1892.

Our conclusion, then is, for the reasons stated, that the tax sale in question, was void, and the purchaser acquired no title to the property so sold.   The plaintiff's first prayer, which ruled that under the pleadings and evidence, the plaintiff had shown such a title and right of possession to the property described in the declaration as entitled her to recover, should have been granted.   The defendant's prayer, which was the converse of the plaintiff's prayer, should have been rejected.

For the errors in rejecting the plaintiff's prayer and in granting the defendant's prayer, the judgment will be reversed and a new trial awarded.

*Judgment reversed and new trial awarded with costs.*

(Decided February 11th, 1903.)