HENRY W. WAGNER *vs.* ALICE R. GOODRICH.

*Tax Sale—Conveyance by Collector—After Term of Office—*
*Character of Title—Vendor and Purchaser—Defi-*
*ciency in Quantity—Effect.*

A county treasurer, named by statute as the collector of taxes and expressly empowered to convey title to any real or personal property sold by him for taxes, may, after the expiration of his term of office, execute a deed in pursuance of a ratified sale made by him in the performance of his official duty.
                                                          pp. 320-322

The court's ratification of a sale for taxes creates a presumption in favor of its legality, which places upon the party assailing it the burden of proving it to be invalid.      p. 322

That property was assessed to owners holding it under an unrecorded deed is not ground for regarding the title derived under a tax sale of the property as unmarketable.      p. 322

The title derived from a valid ratified tax sale includes not merely the interest of the persons to whom the property was assessed for the taxes on account of which it was sold, but the grantee in the tax deed becomes invested with a new and complete title in the land, under an independent grant from the sovereign authority.      p. 323

Where the purchaser of land was shown the outlines of the land, and with his acquiescence its area was estimated to be one acre "more or less," and the sale, which was for a gross sum, was free of fraud or misrepresentation, and included both real and personal property, the purchaser was not entitled to an abatement in the price because a survey disclosed that there were only eighty-six one hundredths of an acre.        p. 323

*Decided May 6th, 1925.*

Appeal from the Circuit Court No. 2 of Baltimore City (DAWKINS, J.).

Bill by Alice R. Goodrich against Henry W. Wagner for specific performance. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*William H. Surratt,* with whom was *P. R. Hassencamp* on the brief, for the appellant.

*William Ewin Bonn,* for the appellee.

URNER, J., delivered the opinion of the Court.

The subject of this litigation is a contract for the sale of five lots of ground, improved with a dwelling house and appurtenant buidings, fronting on South River and Chesapeake Bay, in Anne Arundel County. The sale included certain personal property on the premises. It is with the real estate alone that the suit is concerned. The purchaser opposes the consummation of the sale on the ground that the title to two of the lots is not good and marketable, and claims an abatement of the purchase price because of an alleged deficiency in the quantity of the land contained in the five lots, which the contract stated to be one acre, more or less. The appeal is from a decree for the specific performance of the agreement.

In the series of transfers forming the chain of title to the two lots in question is a deed dated December 30th, 1913, to the County Commissioners of Anne Arundel County from B. A. Welsh, late treasurer of that county, in pursuance of a ratified sale of the property for the collection of taxes. The ratification of the sale occurred eight years before the execution of the deed to the county commissioners, the sale having been made by Mr. Welsh during the period of his official service as treasurer. The taxes in arrears at the time of the sale were charged, and the lots were assessed, to persons who had acquired the property by a deed which has never been recorded. Because of that fact, and of the execution of the deed to the county commissioners by a treasurer whose term of office had expired, the title to the lots is said to be defective.

The treasurer of Anne Arundel County is the "collector of all state taxes and all county taxes, for whatsoever purpose, which shall be levied or assessed during his term of office * * * with full power to enforce the payment of the same by sale or otherwise, and to convey title to any real or personal property duly sold by him for the payment of state and county taxes, according to law * * *" (Acts of 1894, ch. 615; 1924, ch. 134; Code Pub. Loc. Laws, art. 2, sec. 222.)

By section 55 (now 61) of article 81 of the Code of Public General Laws, under which the sale referred to was made, it is provided: "In all cases where lands held in fee simple or by lease have been sold according to law or shall be sold for payment of taxes in arrear, it shall be the duty of the collector of taxes to report the said sale, together with all proceedings had in relation thereto, to the circuit court for the county where said lands are situate * * * the court to which said report shall be made shall examine the said proceedings, and if the same appear to be legal and the provisions of law in relation thereto have been complied with, shall order notice to be given by advertisement published in such newspaper or newspapers as the court shall direct, warn-

ing all persons interested in the property sold to be and appear by a certain day, in the said notice to be named, to show cause, if any they have, why said sale should not be ratified and confirmed; and if no cause or insufficient cause be shown against the said ratification, said sale shall, by order of said court, be ratified and confirmed and the purchaser shall, on payment of the purchase money, have a good title to the property sold * * *" The title so acquired is, of course, subject to the right of the prior owner to redeem within twelve months after the tax sale, under the statutory provision to that end.  (Code, art. 81, sec. 65.)

In *Taylor v. Forrest,* 96 Md. 529, it was decided that a provision in the Baltimore City Code for the execution of a deed by the collector to the purchaser at a tax sale, after ratification and the expiration of the right of redemption, intended that the deed should be executed by the collector who made the sale, and that a conveyance of the property by his successor in office was invalid.  Subsequently to that decision the Act of 1904, ch. 281, validated any conveyance made by a tax collector of the city in pursuance of a sale reported by his predecessor by declaring it to be "as valid to all intents and purposes as it would have been if made by the city collector who made and reported the sale."  It was said by the Court in the case just cited, after reference to the provision that the collector, if the right of redemption was not exercised, and on payment of the purchase money, should execute a deed to the purchaser: "This clearly means, the collector who made the sale must execute the deed, * * *."

There is a Code provision that if a collector who has made a tax sale of lands "shall die, remove or refuse to make a deed therefor," the court ratifying the sale may appoint a special agent to make the conveyance.  Code, art. 81, sec. 67. In this instance there was no occasion for such an appointment.

The authority of a tax collector, after the expiration of his term of office, to execute a deed in pursuance of a ratified

sale made by him in the performance of his official duty, was distinctly recognized by this Court in *Taylor v. Forrest, supra,* and is assumed in the statutory provision giving equal validity to a deed executed by the successor of the collector by whom the sale was made and reported. The objection to the title in this case on the ground that the deed of 1913 was executed, after the expiration of his term, by the treasurer who sold the property, is not sustainable.

No reason is shown in the record for disputing the legality of the proceedings in the course of which the tax sale was made, reported and ratified. Under the statute, then and now in force, the court's ratification of the sale creates a presumption in favor of its legality, which places upon the party assailing it the burden of proving it to be invalid. *McMahon v. Crean,* 109 Md. 652; *Richardson v. Simpson,* 82 Md. 155; *Baumgardner v. Fowler,* 82 Md. 631; *Cooper v. Holmes,* 71 Md. 20; *Steuart v. Meyer,* 54 Md. 454; *Guisebert v. Etchison,* 51 Md. 478. In the absence of any proved or apparent defect in the proceedings which culminated in the sale and its ratification, we must hold that the purchaser acquired a good title to the property sold, as declared by the statute.

The fact that the property was assessed to owners who were holding it under an unrecorded deed is not a sufficient ground upon which to determine the title derived under the tax sale to be unmarketable. There is no suggestion that the land was not exclusively owned by the persons in whose names it was assessed, and their ownership is recited in a confirmatory deed from an immediate predecessor in title, and the heirs of his deceased co-owner, to one who acquired the land subsequently to the tax sale proceedings. The efficiency of that deed as a means of furnishing additional support to the title is questioned upon the hypothesis that the persons executing the deed may not have wholly represented the estate of the grantors whose conveyance they were attempting to confirm. No allegation or proof in the record supports that theory. But apart from the assurance afforded

by the confirmatory deed, we think the title derived from the ratified tax sale is one which the appellant may safely accept. It is a title which includes not merely the interest of the persons to whom the property had been assessed for the taxes on account of which it was sold, but as the sale appears to have been valid, the grantee in the tax deed became invested with "a new and complete title in the land, under an independent grant from the sovereign authority." *Hefner v. North Western Ins. Co.* 123 U. S. 751; *McMahon v. Crean, supra; Hill v. Williams,* 104 Md. 604; *Textor v. Shipley,* 86 Md. 424.

The claim for an abatement of the purchase price because of a deficiency in the quantity of land mentioned in the contract between the appellant and appellee was properly disallowed. The appellant was shown the outlines of the land which he was proposing to buy, and with his acquiescence its area was estimated to be one acre, more or less, for the purposes of the contract. A survey disclosed that the lots contained eighty-six one hundredths of an acre. The sale, which included both real and personal property, was for the gross sum of fifty-five hundred dollars, and the use of the words "more or less" in the description of the land indicates that quantity was not an essential consideration of the agreement. The transaction was free of any trace of fraud or misrepresentation, and under such conditions the appellant is clearly not entitled to an abatement. *Cohen v. Numsen,* 104 Md. 676; *Jenkins v. Bolgiano,* 53 Md. 407; *Tyson v. Hardesty,* 29 Md. 305; *Slothower v. Gordon,* 23 Md. 1; *Hall v. Mayhew,* 15 Md. 551.

*Decree affirmed, with costs.*