EDWIN D. BELL ᴇᴛ ᴜx. *v.* JAMES
H. MYERS ᴇᴛ ᴜx.

[No. 59, September Term, 1975.]

*Decided October 7, 1975.*

The cause was argued before MENCHINE, LOWE and MELVIN, JJ.

*Charles W. Ayres, Jr.,* for appellants.

*Frank C. Serio* for appellees.

MELVIN, J., delivered the opinion of the Court.

The question presented in this appeal is whether the appellees, Mr. and Mrs. James H. Myers, or the appellants, Mr. and Mrs. Edwin H. Bell, have legal title to eleven numbered lots in Block 2, as shown on a 1908 plat of "Arundel Terrace", a subdivision in Anne Arundel County. The record indicates the plat was recorded among the plat records of the county at least as early as 1911. The lots in dispute were originally part of a 130 acre tract. Internal streets shown on the plat of the subdivision have never been laid out on the land and the lots have been wooded and unoccupied for many years.

On March 22, 1973, the appellees filed a Bill of Complaint for Declaratory Decree in the Circuit Court for Anne Arundel County seeking a decree declaring them to have fee simple title to the lots, "clear, unencumbered, and free of any and all right, title, interest, claim and/or demand in and/or of any other person, real or corporate". Appellees base their prayer for relief on what they allege is an unbroken chain of title beginning in 1908 and ending with a recorded deed to them dated June 14, 1961, from Helen I. Wheat, widow.

Appellants' answer to the bill of complaint, filed on May 22, 1973, denied the validity of appellees' title and alleged title in themselves by virtue of a "clear, unencumbered, and absolute" chain of title beginning with a tax sale in 1915 and ending with a recorded deed to them dated February 19, 1957, from Rosa H. Johnson, widow, the sole heir at law of Margaret E. Hagin, who died intestate on August 29, 1954.

The narrow issue in the case is the effect of the 1915 tax sale upon the otherwise good title of the appellees.

The recorded deed, dated August 3, 1926, that emanated from the tax sale was from "Joshua S. Linthicum, late County Treasurer of Anne Arundel County" and the County Commissioners of Anne Arundel County, "Grantors", to "Margaret Hagen, Grantee". It conveyed to Margaret Hagen, "her heirs and assigns, all of the said Grantors' respective right, title, interest and estate in and to" seventeen numbered lots, *including the eleven in dispute,* in Block 2 on the plat of "Arundel Terrace". The deed contained the following recitals:

"WHEREAS, default having been made in the payment of State, County and School taxes due and owing on the property hereinafter mentioned for the year nineteen hundred and eleven, and *assessed to George J. Loos and Mary C. Loos, his wife,* and the said Joshua S. Linthicum, late Treasurer and Collector of State, County and School taxes, under the provisions of the laws of the State of Maryland, and in compliance with the duties thereof imposed upon him, having first complied with all the provisions of the law in relation thereto, proceeded to, and did sell the hereinafter mentioned and described property to enforce the payment of said taxes so in default; and

WHEREAS, on the fifth day of February, 1915, the said Joshua S. Linthicum, County Treasurer as aforesaid, sold said property hereinafter described, at public sale to the said County Commissioners of Anne Arundel County, Maryland, at and for the sum of Twenty-eight Dollars ($28.00) it being then and there the highest offer therefor; and

WHEREAS, the said sale was duly reported to the Circuit Court for Anne Arundel County and the proceedings having been found regular and the provisions of the law complied with, an Order Nisi was duly passed therein; and

WHEREAS, after the publication of said Order Nisi, as required by law, the said sale was finally

ratified and confirmed by said Court on the third day of April, 1924; but the said party of the second part has never received from the said party of the first part a deed conveying title to the hereinafter described property; and

WHEREAS, the said party of the second part subsequently sold the hereinafter described property to the said Margaret Hagen at and for the sum of One Hundred Dollars ($100.00), the receipt whereof is hereby acknowledged." (Emphasis added).

The appellees do not dispute any of the facts set forth in the above quoted recitals. In other words they concede that the lots in dispute were indeed purportedly sold for non-payment of taxes prior to the date of their own deed for those same lots. This is therefore not a case where we are called upon to examine the correctness of the procedures followed by the County Treasurer in effecting the sale. They vigorously assert, however, that no interest in the lots passed to the County Commissioners as a result of the sale.

The appellees called as their only witness, Lynn R. Kromminga, Esquire, an expert title examiner and member of the bar. After establishing appellees' chain of title to the lots in question, he further testified that although he had examined "the grantee index on George and Mary Loos from 1839 to 1924" he found "no record of any conveyances to them whatsoever . . . from any person whatsoever". The effect of his testimony was that at the time of the 1915 tax sale the appellees' predecessors in title were the record owners of the lots and that George and Mary Loos, to whom the property was assessed, had no record title or interest therein which could be sold. From this premise appellees insist that the County Commissioners acquired no interest in the lots and could convey none. Therefore, they argue, the conveyance from the County Commissioners to Margaret Hagen "was a conveyance of nothing". The chancellor below agreed with this argument and declared legal title to be vested in the appellees, holding that the appellants "can

claim no right stemming from the original tax sale since the court in the inception of . . . [their] chain of title lacked jurisdiction to ratify the sale, even assuming it to have been ratified". We disagree and shall reverse the judgment below.

The crux of the chancellor's holding is that the purchaser *at a tax sale* acquires no better title than was held by the person assessed. This is indeed the law in some jurisdictions but, unfortunately for the appellees, it is not the law in Maryland. In 75 A.L.R. 416, at 417, the commentator states "There are two opposing theories as to the effect of a tax sale and the nature or quantum of estate acquired by the purchaser". One theory is that pronounced by the chancellor. The other theory, espoused by decisions of the Court of Appeals, is that:

> ". . . [I]f the tax deed and the proceedings upon which it is based are valid, it clothes the purchaser not merely with the title of the person who was assessed with the taxes, but with a new and complete title in the land, under an independent grant from the sovereign authority, *which bars or extinguishes all prior titles, interests, and encumbrances of private persons, and all equities arising out of the same*". 75 A.L.R. 416, 418. (Emphasis supplied).

In *Wagner v. Goodrich*, 148 Md. 318 (1925), the contract purchaser of land in Anne Arundel County refused to consummate the sale on the ground, *inter alia*, that the seller's title was not good and marketable because it stemmed from a tax sale in which the property had been sold at a time when it was assessed to owners holding it under an unrecorded deed. In upholding the trial court's decree for specific performance, the Court of Appeals said, at 320:

> "The treasurer of Anne Arundel County is the 'collector of all state taxes and all county taxes, for whatsoever purpose, which shall be levied or assessed during his term of office . . . with full

power to enforce the payment of the same by sale or otherwise, *and to convey title to any real or personal property duly sold by him* for the payment of state and county taxes, according to law . . .' (Acts of 1894, ch. 615; 1924, ch. 134; Code Pub. Loc. Laws, art. 2, sec. 222.)" (Emphasis Added).

The Court further said in *Wagner*, at 322: "The fact that the property was assessed to owners who were holding it under an unrecorded deed is not sufficient ground upon which to determine the title derived under the tax sale to be unmarketable". After noting there was no suggestion that the land was not exclusively owned by the persons in whose names it was assessed, as recited in a confirmatory deed to one who acquired the land subsequently to the tax sale proceedings, the Court held:

". . . But *apart from the assurance afforded by the confirmatory deed*, we think the title derived from the ratified tax sale is one which the appellant may safely accept. *It is a title which includes not merely the interest of the persons to whom the property had been assessed for the taxes on account of which it was sold, but as the sale appears to have been valid, the grantee in the tax deed became invested with 'a new and complete title in the land, under an independent grant from the sovereign authority.'* Hefner v. North Western Ins. Co.; 123 U. S. 751; McMahon v. Crean, supra; Hill v. Williams, 104 Md. 604; Textor v. Shipley, 86 Md. 424." (Emphasis supplied).

In *Winter v. O'Neill*, 155 Md. 624 (1928), the Court again upheld a decree for specific performance of an agreement to purchase land from a seller who had acquired title from one who purchased at a tax sale. The refusal to perform was on the ground that part of the property sold for taxes was not owned or leased by the person to whom it was assessed. The Court, speaking through Judge Digges, said, at 631:

"The title derived from a tax sale is statutory, and it being in derogation of a common right, all of

the requirements as set out in the statute must be complied with, in order to acquire a good title from such a sale; *yet if the tax deed and the proceedings upon which it is based are valid, then from the time of its delivery it clothes the purchaser not merely with the title of the person who had been assessed for the taxes and had neglected to pay them, but with a new and complete title in the land, under an independent grant from the sovereign authority; which bars or extinguishes all prior titles and encumbrances of private persons, and all equities arising out of them. Textor v. Shipley,* 86 Md. 434; *Hefner v. Northwestern Ins. Co.,* 123 U. S. 751; *McMahon v. Crean,* 109 Md. 652; *Hill v. Williams,* 104 Md. 604; *Wagner v. Goodrich,* 148 Md. 318. It requires no argument to demonstrate that, when a governmental agency is empowered to levy taxes for the purpose of producing revenue for the support of the government, it is necessary that a method be provided by which the payment thereof may be enforced. When this method is sale at public auction to the highest bidder, it is essential, in order that there may be bidders at such sale, that the purchaser's title be protected, in cases where the statutory essentials of the sale are substantially complied with; otherwise the collection of taxes would be seriously impaired. In *Hill v. Williams, supra,* it is said: 'It is not compatible with public convenience and the prompt collection of revenue for the State to trace out all the subdivided or qualified interests that may be held in real estate, and seek to hold the various owners responsible. Its policy is to assess the fee simple value of the land to the holder of the possession, where its real owner is not apparent or accessible, leaving the parties interested to adjust the proportions of liability between themselves.' "

Section 99A of Article 81 (Md. Code, 1975 Repl. Vol.) provides:

"When any tax sale made prior to January 1, 1944, has been finally ratified, then no court of equity or law in this State shall on and after June 1, 1966, entertain any proceedings to set aside or modify any title to any interest obtained in such sale. (1964, ch. 182.)"

As we mentioned earlier, the appellees do not challenge the facts set forth in the recitals of the deed to Hagin, including the fact that the 1915 tax sale was "ratified and confirmed" by the Circuit Court for Anne Arundel County on April 3, 1924. Their only contention concerning the sale or the effectiveness of the deed was, for the reasons argued, that the County Commissioners purchased "nothing" at the sale and could convey nothing. In view of the authorities we have cited, we hold that the County Commissioners purchased a fee simple interest in the property in question, unencumbered by any prior claims of those through whom the appellees now claim a superior title. We further hold that the same interest was vested in Margaret Hagen by virtue of the tax deed to her from the Treasurer who sold the property at tax sale, joined as a grantor therein by the County Commissioners.

Having determined the interest obtained in the tax sale, the courts are without jurisdiction to modify or set it aside (Section 99A, *supra.* See also *Styers v. Dickey,* 252 Md. 552) except where it is shown that the court ratifying the sale lacked jurisdiction, or where it is shown by clear and convincing proof that the tax sale as ratified was procured by fraud perpetrated by the purchaser. *See Bowie v. Ford,* 269 Md. 111 (1973). Nothing in the record before us suggests the application of either of these exceptions.

In their brief to this Court, the appellees argue that Section 99A violates the equal protection clause of the 14th Amendment of the U. S. Constitution. The record does not reflect that this issue was raise⁀ below either by the pleadings or in argument before the chancellor. We decline to consider it now. Md. Rule 108 "Even constitutional questions must be raised and decid⁀d in the trial court".

*Gibson v. State,* 17 Md. App. 246, 253, and cases cited therein.

The deeds in appellants' chain of title refer variously to "Margaret Hagen", "Margaret Hagan", "Margaret E. Hagin" and "Margaret Hagin". From the recitals in these deeds it is apparent the references are to one and the same person. The expert witness for the appellees testified that beginning with the 1915 tax sale the appellants' chain of title was "complete" with no "breaks in this chain of title all the way from 1915". There would therefore seem no reason for the chancellor, upon remand, not to declare that by the deed from Rosa H. Johnson, widow, dated 19 February 1957, and recorded among the Land Records of Anne Arundel County in Liber G.T.C. 1105, folio 48, the appellants acquired record title to the eleven lots in dispute, free and clear of any claims of the appellees of a superior title or interest therein.

> *Decree reversed; case remanded for passage of decree consistent with this opinion; costs to be paid by appellees.*